IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

RECEIVED

JAN 28 2025

KELLY L. STEPHENS, Clerk

Case No. 24-4107

CHRISTOPHER UGOCHUKWU
Defendant-Appellant,

v.

UNITED STATES OF AMERICA
Plaintiff-Appellee.

On Appeal from the United States District Court
For the Northern District of Ohio
Eastern Division

APPELLANT'S OPENING BRIEF

CHRISTOPHER UGOCHUKWU
Reg. No. 56106060
(Pro se litigant)

F.C.I. Victorville Medium #1
P.O.Box 3725
Adelanto, CA 92301

# TABLE OF CONTENTS

| CONTENTS | PAGE(S) |
|---|---|
| Table of Contents ........................................ | ii |
| Table of Authorities ............................. | iii,iv,v |
| Jurisdictional Statements .......................... | 1 |
| Statements of Compliance ......................... | 1 |
| Statement of the Issues Presented for Review ............... | 1 |
| Statement of the Case ......................... | 2 |
| Summary of the Argument ...................... | 5 |
| Standard of Review ..................... | 5 |
| Arugment ......................... | 6 |
| Conclusion ..................... | 20 |
| Certificate of Service ..................... | 21 |
| Certificate of Compliance ..................... | 21 |
| Designation of Relevant Appellate's and District's Court Documents ..... | 22 |
| Appellant's Addendum ..................... | 23 |

# TABLE OF AUTHORITIES

**FEDERAL CASES**                                                    **PAGE(S)**

Haines v. Kerner,404 U.S. 519,520(1972)................................ 1,21

In re Compliant of Judicial Misconduct,37 F.3d. 1511,1515
(U.S. Jud. Conf. 1994)................................................ 16

In re Complaint of Judicial Misconduct,761 F.3d. 1097,1098
(9th Cir. 2014) ...................................................... 16

In re Complaint of Judicial Misconduct,2017 U.S. App. LEXIS 29764
(U.S. Jud. Conf. 2017)............................................ 8,9,14,15,18,19

United States v. Abdullah,No.1:03-Cr-486(6th Cir. Jan.24,2024)......   10

Unite States v. Abdullah,2024 U.S. App. LEXIS 26639(6th Cir.2024)....   10

United States v. Bricker,2024 U.S. App. LEXIS 15572(6th Cir. 2024)....   6,11

United States v. Campanana,No.1:07-Cr-210(6th Cir. Jan.24,2024)....   10

United States v. Elias,984 F.3d. 516,519-20(6th Cir. 2021).....   5

United States v. harris, No.1:17-Cr-206(6th Cir. Jan. 24,2024).....   10

United States v. Havis,927 F.3d. 382(6th Cir. 2019).........   4

United States v. Jones,565 U.S. 400(2012).........   3,8,9

United States v. Jones,980 F.3d. 1098,1112(6th Cir. 2020).........   5

United States v. Lawson,824 F.App'x 411-12(6th Cir. 2020)........   13

United States v. Llanez-Garcia,735 F.3d. 483(6th Cir. 2013).......   16

United States v. McCall,56 F.4th 1048(6th Cir. 2022)(en banc).....   6,7,11,17

United States v. Morris,No. 1:17-Cr-414(6th Cir. Jan.24,2024).....   10

United States v. Richards,No.1:18-Cr-131(6th Cir. jan23,2024)......   10

United States v. Ruffin,978 F.3d. 1000,1004-05(6th Cir. 2020)....   5,12,13

United States v. Ugochukwu,No.17-3073(6th Cir. 2017).......   9

United States v. Ugochukwu,2024 U.S. App. LEXIS 24284(6th Cir. 2024)... 4

United States v. Ugochukwu, No.24-3087(6th Cir. 2024)......   4,8

United States v. Ugochukwu, No.24-3869;No.24-3953(6th Cir. 2024).....   16,17

United States v. Williams, No.5:16-Cr-326(6th Cir. Jan.24,2024).....   10

United States v. williams,2024 U.S. Dist. LEXIS 79114(6th Cir. 2024)....   7

## FEDERAL STATUTES

18 U.S.C. § 3553 ............................................   12,14

18 U.S.C. § 3553(a)........................................   1,4,5,11,12,13,16,17,19,20

18 U.S.C. § 3582(c)(1)(A)........................   2,5,6,9

18 U.S.C. § 3582(c)(2).....................   16

21 U.S.C. § 841(a)(1) and (b)(1)(A)..............   13

21 U.S.C. § 841 and 846........................   17

21 U.S.C. § 843(b)............................   13

21 U.S.C. § 846................................   13

28 U.S.C. § 332(d)(1)..........................   14

28 U.S.C. § 351(a)...............................   14

28 U.S.C. § 353(c)...............................   14

28 U.S.C. § 354(a)(1)(A).........................   14

28 U.S.C. § 1291...................................   1

## BILL OF RIGHTS(Constitution)

Fifth Amendment .................................   5,11,18

Sixth Amendment .................................   18

Eight Amendment .................................   18

Ninth Amendment .................................   18

## GUIDELINES

U.S.S.G. § 1B1.13 .................................   6

U.S.S.G. § 1B1.13(b) ................................   1,4,5,6

U.S.S.G. § 1B1.13(b)(6) ........................    3,5,6,8,9,11,13,17,20

U.S.S.G. § 2D1.1(3) ............................    3,13

U.S.S.G. § Amendment 782 .......................    7,3,9,12,20

U.S.S.G. § Amendment 814 .......................    4,6,11,12,20

## SIXTH CIRCUIT RULE

Rule 28 ........................................    1,21

Rule 30(b) .....................................    22

## JURISDICTIONAL STATEMENT

This Matter is on direct appeal to the United States Court of Appeals for the Sixth Circuit, from an Order of the United States District Court for the Northern District of Ohio(Judge John R. Adams)(Order DKT. #1131). That Judgement was filed and entered on December 4th,2024.

The Notice of Appeal[Notice Of Appeal] was submitted on December 16th,2024 and timely filed in the district court on December 26th,2024. This Court has appellate Jurisdictional pursuant Under 28 U.S.C. §1291.

## STATEMENT OF COMPLIANCE

I, Christopher Ugochukwu, do hereby acknowledge that the foregoing herewithin, complies with the briefing requirements of Sixth Circuit Rule 28 in all respects and to the best of my ability with the tools available to me at my present prison of confinement and beg the Court's pro se liberal indulgence to excuse or waive any shortcomings or deficiencies in styles, formal or content that may exist in this filing.-see Haines v. Kerner,404 U.S. 519,520-21(1972)(Courts must hold pro se pleadings to less stringent standards than formal pleadings drafted by lawyers)

## STATEMANT OF THE ISSUES PRESENTED FOR REVIEW

1). District Court's Judge erred by not adhering to, both the Sentencing Commission's expanded list of what constitute an "extraordinary and Compelling" reasons[U.S.S.G. §1B1.13(b)] and this Sixth Circuit's Court recent rulings on mandatory implementation of those expanded listed Policy Statement [Amendment 814] applied to Commpassiionate Release Motions.

2). District Court's Judge committed error by not considering the current mitigating factors that had now developed to have cancelled-out Appellant's most stringent 18 U.S.C. §3553(a) factors analysis that were used at his original sentencing.

## STATEMENT OF THE CASE

Appellant appeals from an Order entered in the United States District Court for the Northern Distirct of Ohio(Judge John R. Adams) on or about December 4th,2024, denying his Compassionate Release(Order, Dkt. #1131).

Appellant was arrested July 27Th, 2010. On September 16,2010, Appellant[with 23 Co-defendants] was indicted for conspiracy to posses with the intent to distribute heroin, possession with the intent to distribute heroin, and use of a telephone to facilitate a drug trafficking offense. the indictment contained 42 counts of which Three(3) counts named Appellant. On April 15th,2011, of a few-day trial the jury found appellant guilty on the three(3) counts. The Government's theory of persecution, which Judge Adams had adopted and ran with, was that, Appellant facilitated the introduction of heroin into the United States through a smuggling operation from Nigeria, of which none of that was proven at the trial, nor was there anybody or courier caught from Nigeria while entering into united States, who testified or pin-pointed this appellant, as the owner or their controller. Judge Adams's and the Government's undisputed proof, was that Appellant is from Nigeria and visits Nigeria, therefore, he must had been running his drug operation from Nigeria. which is erroneous speculative-assumption, on their part.

On August 19th,2011, Appellant was sentenced to a total term of 320 months incarceration. The court calculated Appellant's Base Offense Level at 36; and assessed a Four(4) point role in the Offense enhancement. At total offense level 40, Appellant's Guideline Range was 292-365 months incarceration. Appellant has been incarcerated since July 27th,2010, and his present full term release date is March 26th, 2037.

Initially, on February 2nd,2022, Appleant filed his motion pursuant to 18 U.S.C. §3582(c)(1)(A) in the United States District Court for the Northern District of

2

Ohio seeking his Compassionate release from incarceration[DKT. #1015]. Appellant exhausted his administrative remedies by first seeking on December 19th,2021, his Compassionate Relaese from the Warden of F.C.I. Victorville. Appellant stated his Based offense level was inflated from level 30 to level 36 because of the conduct of his Co-conspirators. Additionally as grounds for relief, he alleged his Obesity; inmate lock-downs at F.C.I. Victorville; and COVID-19 dangers. Appellant stated he was a first time offender, a non-violent offender; a person convicted of an immigration aggravated felony who will be deported from the United States; a person who has served more than 120 months in prsion; fifty(50) years old at the time the motion was filed; had an aged mother; a wife and children; that 17 kilograms of heroin was offense level 36 at the time of sentencing, but a chnage in law made it level 34 in 2023[U.S.S.G. §2D1.1(3)].

Appellant filed a pro se Supplement to his motion for Compassionate Release on Aug. 29th, 2022, which identified two(2) additional meritorous reasons in light of CHANGE IN LAW that favored his Compassionate Release:

1). A GPS device placed on Appellant's vehicle by law enforcemnet during the period of May 25th to July 27th, 2010 to investigate Appellant prior to Appellant's arrest. That law enforcement GPS practice was held to be an Unconstitutional method by the Supreme Court in United States v. Jones, 565 U.S. 400(2012).

2). Retroactive Guideline Amendment 782 reduced his Drug Quantity Base Offense level by 2 levels.

The on Reply to Govt.'s Opposition of his briefs, appellant enclosed how those two factors of "extraordinary and Compelling " circumstances in his Supplemental motion, factored-in into the Sentencing Commission's expanded lists of what defined "extraordinary and Compelling " reasons [§1B1.13(b)(6)].

Appellant's motion for Compassionate Release was filed in the District Court February 2,2022. Twenty-three months later on January 24,2024[DKT. #1072], the

District court Judge Adams denied that relief request with other twenty-eight(28) <u>identical material Orders</u>, with the only difference being the defendant's name, prison, and number of positive COVID-19 cases. Judge Adams denied that relief solely because:

"..... Defendant is currently housed at FCI Victorville, a facility that currently has no positive cases [COVID] within it's entire inmate population."

The District court ignored all other argument raised by Appellant in support of Compassionate Release, "even though he set forth those arguments in considerable detail and with legal support in his motion for Compassionate release, Supplemenal motion, and Reply". **-see United States v. Ugochukwu,2024 U.S. App. LEXIS 24284(6th Cir. 2024).** This Court <u>VACATED</u> that Order and <u>REMANDED</u> the case with a specific instructions to address the remaining three(3) allegedly extraordinary and Compelling reasons that Ugochukwu proffered.

On December 4th,2024, after Thirty-four(34) months of Appellant's initial filing, Judge Adams denied his motion again. This time around, using a different tack of serious mischaracterization of Appellant's arguments(warrantless GPS), as a §3553(a) factors instead of "Extraordinary and Compelling" reasons, even this Court had termed it to be. **-see Again Ugochukwu,No. 24-3087,Doc. #11 Page 4.** And also, totally ignored[bad faith] Appellant's Amendment 814[Unusually Long Sentencing] Under U.S.S.G. §1B1.13(b) argument and it's applicability to him. He only addressed one favored argument[in his favor] in light of United States v. Havis, 927 F. 3d 382(6th Cir. 2019). To re-enforced his initial Order[DKT. #1072], in order to remand this Honorable Court, who is in-charge. This here, goes to show the reckless abandonment of the law and disregard to the Judicial economy, for a quest to maintain "harsh" and "lengthy" sentencing policy campaign by Judge Adams against this Appellant and foriegners like him that appears in his court room.

Appellant again, submitted Notice of Appeal on December 16th,2024 in that regards. Here within, is the Appellant's Arguments on this matter.

## SUMMARY OF THE ARGUMENT

The district court's Judge abused his discretion in denying
Appellant's request relief motion for Compassionate Release[18 U.S.C.
§3582(c)(1)(A)], without following proper legal standard set by the
Sentencing Commission and this very own Circuit, on it's precedent
[U.S.S.G. §1B1.13(b)(6)] in adjudicating this Appellant's type of
cases. And also did not consider the current mitigating factors that
has now developed to have eradicated his most stringent 18 U.S.C. §
3553)a) factors analysis performed in Appellant's initial sentencing.
Thereby violated Appellant's due process.

## STANDARD OF REVIEW

The Standard of Appellate Review of the denial of Compassionate Release motions,
is abuse of discretion. Which occurs when the district court "base[s] it's ruling
on erroneous view of the law or on a clearly erroneous assessment of the evidence".
**-see United States v. Jones,980 F.3d. 1098,1112(6th Cir. 2020).**

The Copassionate release statute allows the district court to reduce a defend-
ant's sentence if it finds that (1). "extraordinary and compelling reasons" warrant
a reduction; (2). a reduction is "consistent with applicable policy statements
issued by the Sentencing Commission", and (3). the §3553(a) factors, to the extent
applicable, support a reduction. **-see 18 U.S.C. §3582(c)(1)(A); United States v.
Ruffin,978 F.3d. 1000,1004-05(6th Cir. 2020).**

Before, no policy Statement applied to Compassionate-release motions brought
by defendants, so district courts had "discretion to defined 'extraordinary and
compelling' on thier own initiative".**-see United States v. Elias,984 F.3d. 516,
519-20(6th Cir. 2021).** But not any more.

Effective November 1,2023, U.S.S.G. §1B1.13(b) was amended to provide a policy

statement that extraordinary and compelling reasons may include certain medical circumstances of the defendant, age, family circumstances, abuse in prison, other circumstances similar in gravity to the aforementioned, or an unusually long sentence imposed before a CHANGE IN SETENCING LAW[§1B1.13(b)(6)].

## ARGUMENT

**1). District court's Judge erred by not adhering to, both Sentencing Commission's expanded list of what constitute an "extraordinary and compelling reasons" [U.S.S.G. §1B1.13(b)] and this Sixth Circuit's Court recent rulings on mandatory implementation of those expanded listed Policy Statement[Amendment 814] applied to Compassionate-Release motions.**

Before, no Policy Statement applied to Compassionate -release motions brought by defendants, so district courts had discretion to define extraordinary and compelling reasons on their own initiative, but not no more. In 2023, the Sentencing Commission, having obtained a quorum once again, excercised the authority delegated to it by Congress and resovled the Circuit split of which United States v. McCall, 56 F. 4th 1048(6th Cir. 2022)(en banc) was a part. Eventhough, McCall had left open the possibility that it's holding could be abrogated if the Commission enacted a provision such as §1B1.13(b)(6)[Unusually Long Sentence], Under Amendment 814. **-see United States v. Bricker,No. 24-3286,2024 U.S. App. LEXIS 15572(6th Cir. 2024).**

Guideline Amendment 814 is that Section concerned with reductions in sentence pursuant to Section 3582(c)(1)(A). The Amendment addressed Compassionate release motions brought by criminal defendants and created a list of what are defined as "extraordianry and compelling" circumstances that may justify a sentence reduction [§1B1.13]. Accordingly, after November 1,2023, district courts may consider the following extraordianry and compelling circumstances in their analysis: (1) Medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances

6

of the defendant; (4) whether the defendat, while in custody, was a victim of abuse; (5) other reasons similar in gravity to items one through four; and (6) a change in the law resulting in the defendant receiving an Unusually long sentence.

These provisions in the amendment agrees with the Circuits that authorize a district court to consider non-retroactive changes in the law as extraordinary and compelling circumstances warranting a, sentence reduction but adopts a tailored approach that narrowly limits that principle in multiple ways. As the Commission's stipulated, that fisrtly, the defendant has served at least ten(10) years of the term of imprisonment, of which this Appellant had; Secondly, the change in the law would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed[warrantless GPS device - never would have been convicted [320 months] and Amendment 782 - an excess disparities of Seven(7) years or more]; and thirdly, the defendant's individualized circumstance support Compassionate release[served fourteen and half (14.5) years already; to be deported from prison; at sentencing 39 years old and now, 53 years old; novice, to a jail-house lawyer; first time offender; non-violent offender; had maintained a Low custody level; Low level Risk recidivisim; lived through COVID-19 pandemic while incarcerated; base offense level lowered from 36 to 34; and if were to be sentence today, Appellant's sentence would have been drastrically reduced or already had gained his freedom].

In relevant part, **McCall** should not have had bearing, as a decisive factor in the outcome of district court's judge decision in this case at the present. This Circuit Court had adopted §1B1.13(b)(6) to have overide it as **it**'s precedent, in terms of retroactive and non-retroactive changes in laws in definition of extraordinary and compelling reasons Under Compassionate release motions's requirements. And yet, Judge Adams still solely used McCall to denied this Appellant's Compassionate release request for relief. Which is **ridiculously unreasonable,** because according to same Judge Adams in United States v. Williams,2024 U.S. Dist. LEXIS

79114(6th Cir. 2024)**(As such, the Court assumes Williams may have relied on the new U.S.S.G. §1B1.13(b)(6) in filing this motion because it added that "post-sentencing legal changes may be considered in the extraordinary and compelling analysis". However, the Subsection does not apply to Williams because he has not served at least 10 years of his term of imprisonment).**So, Judge Adams was well aware that §1B1.13(b)(6) had abrogated McCall to have used it in his ruling[DKT.#1131].

In Judge Adams's opinion[DKT. #1131], "Ugochukwu submits several factually and legally incorrect theories in his attempt to establish 'extraordianry and compelling' circumstances", even though this Court thought otherwise. **-see Again Ugochukwu,No. 24-3087(The district court addressed only one of the four allegedly extraodinary and compelling reasons that Ugochukwu proffered.....even though he set forth those arguments in considerable detail and with legal support in his motion for Compassionate release, Supplemental motion, and Reply).**

That is why on Judge Adams's REMANDED-DENIAL, he did not addressed or saw any extraordinary and compelling reasons's issues to address. Only because, Judge Adams see what he want to see, the way, when and how he want to see it.**-see In re Complaint of Judicial Misconduct,2017 U.S. App. LEXIS 29764(U.S. Jud. Conf. 2017)(Judge Adams has also "routinely attempted to undermine his colleagues as they administer the court's business", causing the court to "devote unnecessary additional time and resources to justifying simple matters that could have more easily been handled internally...the Special Committee's forensic psychiatrist concluded that there is "a reasonable basis for concern as to Judge Adams'[s] mental or emotional state).**

The actual question here is:**W**hich side of Appellant's motions was Judge Adams reading from? Because, warrantless GPS device placement in **United States v. Jones, 565 U.S. 400(2012)** was and still a change in the law that is not retroactive, that fall into the §1B1.13(b)(6)'s provison[....a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling

reason]. -see Jones,181 L.Ed. 2d at 934(Under that rubric, i agree with Justice Alito that, at the very least, "longer term GPS monitoring in investigations of most offense impinges an expectation of privacy); United States v. Ugochukwu,No.17-3073(6th Cir. 2017)(This Court need not consider whether jurists of reason could debate the district court's rationale for rejecting this claim because the claim fails on the merits for a different reason....Given the timing of the installation of the GPS device in this case, Ugochukwu has not established that counsel performed ineffectively by failing to file a motion to suppress information obtained from the GPS); In re Complaint of Judicial Misconduct,2017 U.S. App. LEXIS 29764(In the case before us, over the course of a lengthy investigation, as well as direct observations of Judge Adams's behavior in the context of his performance of administrative duties, the Special Committee determined that "a reasonable person[would have] cause to question whether Judge Adams has a [mental or emotional] disability).

Amendment 782, was and still a change in law that was made retoactive. And both of these law changes, when factored into the change in law of §1B1.13(b)(6)'s provision, surmounted to an "extraordinary and compelling" circumstances that undisputably qualified Appellant's seeked relief on the rubric of Compassionate-Release [§3582(c)(1)(A)].

Appellant's question above is "particularly important because a federal judge's sound mental health is essential to his or her fulfillment of all judicial duties. Judges must fairly, justly, and expeditiously resolve the cases before them. Litigants depend on individual judges, like Judge Adams, to protect their interests. public confidence in the judiciary turns in major ways on the judges' ability to address and vindicate the parties' rights with fairness, efficiency, and sound decisionmaking". -see Again In re Complaint of Judicial Misconduct,2017 U.S. App. LEXIS 29764. That had never happened in this case. Rather this Appellant, had gotten only "harsh" and "lengthy" sentence from Judge Adams, unlike the Judicial Conference of the United States Committee had just advertised of the federal judges.

9

-see DKT. #685 PageID 5477(...You're going to face a harsh sanction, and that sanction is going to be an extensive sanction. You're going to prison for a long period of time). Even though, this Appellant is a non-violent first-time offender. -see also DKT. #996 PageID 7856(The evidentiary hearing herein served only as a reminder that Ugochukwu will go to any lenght in an attempt to evade his lengthy sentence). Then, as of recent in January 24th,2024, Appellant's inadequate denial Order[DKT. #1072] was one of several inadequate materially identical Orders of an approximately thirty-four(34) orders (with the only difference being the defendant's name, prison, and number of positive COVID-19 cases) that Judge Adams had issued within a day apart, according to LEXISNEXIS; EXHIBIT "A"

Those like Ugochukwu's(Appellant) motions, went unresovled for almost two years, while some, for multiple years longer.-see EXHIBIT "A"(Listed of Cases[Inadequate Materially Identical Orders]); DKT. #56,United States v. Richards,No. 1:18-Cr-131 (N.D.Ohio Jan. 23,2024)(Motion pending for three years); United States v. Abdullah, No.1:03-Cr-486(N.D.Ohio Jan. 24,2024)(Motion pending for almost five years – submitted before the world had even heard of the term "COVID-19"); DKT. #89,United States v. Campana,No. 1:07-Cr-210(N.D.Ohio Jan. 24,2024)(Motion pending for two and a half years); DKT. #38,United States v. Harris,No. 1:17-Cr-206(N.D.Ohio Jan. 24, 2024)(Motion pending for almost two and a half years); DKT. #132,United States v. Morris,No. 1:17-Cr-414(N.D.Ohio Jan. 24,2024)(Motion pending for almost two years); DKT. #119,United States v. Williams,No. 5:16-Cr-326(N.D.Ohio Jan. 24,2024)(Motion pending for three years). -see United States v. Abdullah,2024 U.S. App. LEXIS 26639 (6th Cir. 2024).

In **Abdullah**, this Court had publicly called Judge Adams out, on the ills and abuse of his power, he had been imposing on this Appellant(Ugochukwu) and others like him. This Court noted that "although we grant district courts broad discretion in managing their own dockets, we look unfavorably upon lenthy, unjustified, and inexplicable delays on the part of district courts in deciding cases....we see no reason in the record to justifiably explain why the district court took 1,625 days

to resolve a straightforward sentence-reduction motion". A reasonable jurists would only come to one conclusion, as a plausibly rationale of this madness, "mental or emotional" disability.

The fact of this matter is, **McCall** decision should never have been in the equation or a controlling factor anymore, when deciding this case because Amendment **814** via §1B1.13(b)(6) had rendered it desolated. McCall itself, forecasted, it may be doomed if the Commission enacted a provision such as §1B1.13(b)(6).**-see again Bricker,2024 U.S. App. LEXIS 15572.** Furthermore, Judge Adams not acknowledging-much less address- Appellant's 1B1.13(b)(6)'s arugment and it's applicability to him, was and still very troubling and not a **reasoned** decision. Because Judicial decisions are **reasoned** decisions. It is a fact that VACATED and REMANDED Orders, are for the lower courts to amends or corrects itself on it's ruling or decision, not for them to repeat the same mistake by upholding the same errors of their initial decision. This actions of Judge Adams, undermines that assurance-trust the Judicial Institution creates and projects among the public, and seriously creates doubts on the district court judges's professional judgement. Thus, violates Ugochukwu's Fifth Amendment Rights of Due process of the Law.

**2). District Court's Judge committed error by not considering the Current mitigating factors that had now developed to have cancelled-out Appellant's most stringent 18 U.S.C. §3553(a) factors analysis that were used at his original sentencing:**

A lot of mitigating factors had happened that changes the most stringent §3553 (a) factors's application that were used at the Appellant's original sentencing. In words of Judge Adams:

".....You're going to face a harsh sanction, and that sanction is going to be an extensive sanction. You're going to prison for a long period of time...... and improve this offender's conduct". **-see DKT. #685 PageID 5477.**

Eventhough, that the Congress had specifically stated that during the imposition

of an original sentencing, the courts "shall consider the factors set forth in §3553(a) to the extent that they are applicable, <u>recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation"</u>. -see §3553(a).

Since fourteen and half(14.5) years ago when Mr. Ugochukwu was originally sentenced. This Appellant had:

(1). served 61.7% of his sentence, more than 60% of his last conducted §3553 factors's analysis[2011].

(2). still had maintained a low custody level;

(3). Low Level Risk Recidivism;

(4). been Ordered deported by the United States Immigration Judge;

(5). become a jail-house lawyer;

(6). transited from thirty-nine(39) years old young man, to a fifty-three(53) years old man;

(7). kids, who have became men and women of contributing citizens to this great economy;

(8). lived through the most dangerous disease/virus COVID-19 pandemic, when some of his cell-mates are dying from it.

(9). changes in laws[warrantless GPS device placement, Amendment 782 and Amendment 814] enacted over the years, that if this Appellant, were to be sentenced today, his sentence would have been drastically reduced or already gained his freedom. Because, some of those law changes, were automatic on entrance;

(10). his based offense level, lowered from 36 to 34 by the Commission, through the Congress.

**-see Exhibit "B"(Computation Data Sheet); Exhibit "C"(Immigration Judge's Removal Order); and Exhibit "D"(Recidivism Risk Assessment Sheet).**

All these listed factors, reflected an impactful mitigating factors that should have cancelled-out the most stringent §3553(a) factors's analysis being performed on a Criminal History One, Non-violent offender's and first-time offender's litigant, after fourteen and half years of imprisonment. **-see United States v. Ruffin,978 F.**

3d. at 1008(6th Cir. 2020)(noting that in deciding whether to grant a sentence reduction, the amount of time the defendant has served on his sentence encompasses several §3553(a) sentencing factors); §1B1.13(b)(6)(If a defendant received an Unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law[other than an amendment to the Guidelines Manual that has not been made retroactive] may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances).

According to Judge Adams's Order[DKT. #1131], circumstances of Ugochukwu's case, most relevantly, the nature of his offenses, the need of his sentence to promote respect for the law, that, afforded unwarranted of his release. Lets be clear here of this heinous crime, Ugochukwu had committed that warrant him to rot in prison, not to be forgiven under any circumstances:

(1). Conspiracy to psses with intent to distribute herion in violation of 21 U.S.C §846;

(2). Possession with intent to distribute herion in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A);

(3). Unlawful use of a Communication facility to facilitate a drug trafficking offense in violation of 21 U.S.C. §843(b).

According to Congress Data driven analysis in 2014, drug trafficking offenders like Ugochukwu, accounted for approximate of fifty(50%) percent of the Federal prison populations. Ugochukwu was given 320 months sentence for it, even though that the Congress's amendment did revises the guidelines applicable to drug trafficking offenses by changing how the base offense levels in the Drug Quantity Table in §2D1.1 incorporate the Statutory Mandatory Minimum Penalties for such offenses. Congress noted that pre-law of the Drug Quantity Table was a legal mistake. **—see United States v. Lawson,824 F. App'x 411-12(6th Cir. 2020)(When "deciding whether**

to grant a defendant's motion under the First Step Act, the district court may consider – as simply a 'factor' Under 18 U.S.C. §3553 – that the defendant was sentenced based in part on what would now be considered a legal mistake"). That Amendment, warrants on or about eighty-four(84) months off Ugochukwu's punishment for the said offense. Yet, Judge Adams felt that the Congress is wrong for recognizing their mistake, to have given Mr. Ugochukwu some time off. He felt tha Ugochukwu deserved all that "harsh" and "lengthy" of 320 months imprisonment he had imposed on him. Not to downplay what Ugochukwu did, but Ugochukwu actually deserve a Second Chance more than his tormentor, Sorry!, his adjudicator[Judge Adams] in this case.

Federal Judges are subject to requirements and restrictions to which private citizens are not. They must comply with a wide range of ethical restrictions. They are lettered in the law. Held in highest-standard, vindicates parties' rights with fairness, efficiency, sound decisionmaking amd most relevantly, have a respect for the law[Judge Adams don't] they took an oath to obey, protect and serve.

Not trying to compare notes of worse crimes. Judge Adams was found guilty and convicted of these crimes by three(3) different entities of the higher Judicial Instutitions[Special Committee, Judicial Council and Judicial Conference of the United States]. Judge Adams was convicted of:

**Count One:** Obstruction of Justice with an intent to disrupts an investigation as extensive as it considers necessary by the Special committee, in violation of 28 U.S.C. §353(c);

**Count Two:** Obstruction of Justice with intent to undermine any additional investigation which it considers to be necessary by the Judicial Council, in violation of 28 U.S.C. §354(a)(1)(A);

**Count Three:** An intent to obstruct the inherent authority to regulate the administration of the courts by the Judicial Council and the Special Committe, in violation of 28 U.S.C.§ 332(d)(1);

**Count Four:** Misconduct to the effective and expeditions administration of the business of the courts, in violation of 28 U.S.C. §351(a)

-see **In re Complaint of Judicial Misconduct,**2017 U.S. App. **LEXIS** 29764(**U.S. Jud. Conf. 2017**).

14

Judge Adams have been found: to disobey the law by refusing to Undergo a mental health examination; issuance of unwarranted and improper Show Cause Order; to repeatedly expressed hostilty and contempt toward the court's magistrate Judges; to attempted to undermine his colleagues[fellow Federal Judges] administration of the court's business; that there is a reasonable basis for concern as to his mental or emotional state; to make unfounded and destructive attacks against his colleagues; to have been publicly reprimanded; to have given option of voluntarly retirement; to have been monitored for two years in regards to inappropriate behavior involving Magistrate Judges; to obstruct court's administration; of inability to recognize the harms, he causes; that his actions, eroded trust and harmed the relationships between the district court's Judges and the Magistrate Judges; to persistently treated Magistrate Judges with disdain and disrespect; to have forceful and purposely bumped into a Magistrate Judge, and lied about it, when a credible evidence indicated otherwise; to have blocked and Ordered court's security to ticket or tow an intern's car, who accidentally parked in his space; and finally, found of misconduct. **—see Again In re Complaint of Judicial Misconduct,2017 U.S. App. LEXIS 29764.**

· **A reasonable jurists would ask:** Why is this Judge still in the bench, adjudicating peoples's rights of life, liberty or property? Why is this Judge, not behind bar or forced to retire without no pension? Why is this Judge not punished behind his convictions? Mind you, attributes or characteristics of such magnitude, don't just go away in a person. He might have taken medications to control it for a year while under mandatory observations. He might have later taken a pyschaitrist evaluation, that some how cleared him, but Judge Adams, is still not sound mentally or emotionally. His refusal to Undergo mental health examination in the first place was not a facade. He was hiding something.

Just the other day[october 22,2024], this Court reprimanded him for taking multiple years in resolving a straightforward sentence-reduction motions, including this Appellant's motion. He issued within a day apart, inadequate materially-iden-

15

tical denial Orders of an approximately 34 litigants(with the only difference being the defendant's name, prison, and number of positive COVID-19 cases), with this Appellant included. Even those who did not advocate for COVID-19 relief. Judge Adams used, a one size fit all in those orders, regardless of what issues that litigant argued or advocated in his or her motion. **–see LEXISNEXIS.** He had also issued two total opposite Orders on a the same issue[18 U.S.C. §3582(c)(2)] tendered by this Appellant. The First motion was filed on March 25th,2024, after seven(7) months, was denied based on ineligibility of an Amendment, Appellant never argued or sought for. Appellant resubmitted another motion of an identical in nature, that was filed on October 9th,2024. The very next day, it was denied again. This time, base on his eligibility and an outdated §3553(a) factors's analysis.**–see United States v. Ugochukwu,No. 24-3869;No. 24-3953(6th Cir. 2024).** Then, on another of Judge Adams's clear erroneous factual findings and abuse of his power, which show-cased itself in United States v. Llanez-Garcia,735 F.3d 483(6th Cir. 2013), in that, "Migdal acknowledged that the subpoenas were defective in that regard, apolo-gized to the district court, and restated her respect for the court's authority several times. Unmoved, the district court sanctioned her nonethless".

These allegations of Judge Adams's misconducts, are not directly related to the merits of a decision or procedual ruling. **–see In re Complaint of Judicial Miscon-duct,37 F.3d 11511,1515(U.S. Jud. Conf. 1994("The central thrust of the Act is to make judges accountables for precisely this sort of conduct: conduct not related to the merits of rulings that arises in the course of the performance of judicial duties"); In re Complaint of Judicial Misconduct,761 F.3d 1097,1098(9th Cir. 2014) ("A merits ruling may constitute misconduct if it is influenced by an invidious factor or an impermissible motive").** Records have shown that Judge Adams is unfit to be an adjudicator. Even this Court have publicly reprimanded him severally, directly and indirectly to no avail.

Accordingly, bad-faith conduct requires this Appellate's Court to fine: (1) that

the federal Judge denial was unreasoned decision; (2) that federal Judge knew or should have known this; and (3) that the motive for that denial was for an improper purpose such as power-drunk or construed the law, purposedly to deny or disparage certian rights retained by the litigant.

Just like om Judge Adams's Remanded-denial Order[DKT. #1131] that was made in Bad-faith: He claimed, Appellant had submitted several factually and legally inco-rrect theories in attempt to establish extraordinary and compelling circumstances, but this Court, had thought otherwise; He claimed, Appellant did not present extra-ordinary and compelling circumstances that warrants his Compassionate Release, but this Court, had thought otherwise too[**four allegedly**]; He claimed, Appellant had a smuggling operation based in Nigeria but that was unfounded both in the trial and after, because nothing of such ever testified to or ever existed; He claimed, Appe-llant asserted that his warrantless GPS device placement argument should be consi-dered as part of the 18 U.S.C. §3553(a) factors analysis. That was not true, either, because it does not fall Under that provision and neither did Appellant advocated for such; He claimed, there are no relation changes in law relative to Ugochukwu's conviction pursuant to 21 U.S.C. §§841 and 846 that establish an "extraordinary and compelling" circumstance to justify Compassionate release. That was not true also, because there was Warrantless GPS Device placement on his vehicle that could have made his convictiion[s] impossible as of the present; He solely used McCall as a deciding factor in his denial Order, and that was very erroneous. Because, this Court are now using §1B1.13(b)(6) as a precedent in adjudicating Appellant's type of cases. Of which he knew, because he already had used it in May 1st,2024 prior to this denial Order, on **Williams,2024 U.S. Dist. LEXIS 79114(6th Cir. 2024)'s** decision; He used an outdated §3553(a) factors's analysis of 2011 as denial factor. While , there were several listed crucial-mitigating factors that have eroded that analysis, as of the present[2024] and; He purposedly mischaracterized and miscontr-ued Appellant's arguments in order to maintain what would now be termed or conside-red, Cruel and Unusual punishment[320 months] of such an offense as of today.

In this instance, facts presented so far has shown that Constitutional violations

17

were written all over this case. The district court's judge[Judge Adams], had trampled on Mr. Ugochukwu's Fifth Amendment[due process, deprivation of life and liberty]; Sixth Amendment[none enjoyment of an impartial judge]; Eight Amendment [cruel and unusual punishment infliction]; and Ninth Amendment[purposely construed to deny certain rights, retained by this litigant].

Records now do exist[this Appellant, plus others], that supports Judge Adams's inability to discharge or adjudicate cases and perform the adjudicative duties of his office. **–see United States v. Ugochukwu [Caseloads on Judge Adams's actions and opinion–decisions]; see also In re Complaint of Judicial Misconduct, 2017 U.S. App. LEXIS 29764(But curtailment of judge Adams's docket is not supported by the record as it exist at this time....... We cannot rule out the appropriateness of such a sanction should sufficient evidence establish judge Adams's incapacity).** Forensic data analysis of his docketed records and caseloads, will definately reveal such sufficient evidences needed.

It has been proven that Judge Adams, lies, undermines, repeatly expressed host-ility and contempt, destructive attacks and make unfounded stories or accusations against **his own colleagues**, talkless of any one, he perceived to be an adversary. **–see again In re Complaint of Judicial Misconduct,2017 U.S. App. LEXIS 29764.** As it stands in his mind, Mr. Ugochukwu is an adversary that need to be dealt with. If a forensic expert were to be contracted to carefully examined Ugochukwu's caseload records, those attributes of his, had projected itself, one time or the other during the course of this case. Judge Adams's personal touch(Bad-faith) had examplifies itself on many occasions. **–see Ninth Amendment(The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people).**

The question here is , Ugochukwu(Appellant) had served almost fifteen(15) years of his convictions behind bar: What has Judge Adams served for his convictions? Nothing!, rather hiding behind the Judicial System, on the bench, destroying

peoples's liberties, properties, lifes and families, in the name of despensing or administering the law of this Great Country. It goes to show that United States Codes's Laws and Punishments are not meant for everyone, because some peoples [Judge Adams] are above the Law and untouchable. Judge Adams as a federal judge through his actions, have caused stigma, disrepute, loss of public confidence occuring as to the federal courts or to the administration of justice by them and also have caused, errosion of the integrity of the Judicial process. And yet, there was no enforced deterrence implemented against him nor had he been seriously held accountable for those actions.- **see Again In re Complaint of  Judicial Misconduct,2017 U.S. APP. LEXIS 29764.**

A reasonable jurist would ask: Would any of this Honorable Circuit's Judges as an adversary of Judge Adams, advocate for him to be an impartial adjudicator in any kind of predicament[s] or delimma[s], he or she found him or her self? Ugochukwu knows, himself, would not.

As Appellant had penned and opined in his previously submitted contentions [Cases No. 24-3869 and No. 24-3953] to this Honorable Appellate's Court in regards to Judge Adams's judgemental Orders. That, facts in this matter, had suggested that allowing Judge Adams to continue in handling and presiding over this case on remand, would be counter-productive and definately compromise the appearance of justice, once again. He is a man of a questionable character, as the records had shown. Appellant's caseload, should be decided by this Court or on remand, with a specific instruction[s] of a fairly and justly outcome to another district judge, whose impartiality might not be reasonably question. As Mr. Ugochukwu is well aware that, reassignment is an extraordinary power that should be rarely invoked, but this occasion, actually call for such action, for justice to previal in this matter.

It is quite obvious that, based on Judge Adams's actions towards this case, he did imposed a standard far beyound in satisfying §3553(a) factors requirement. He dismissed all aforementioned listed mitigating factors of the Appellant. And yet,

for reasons that are difficult to ascertain, he still demanded more burden of proof [bad faith] from Mr. Ugochukwu to meet the threshold of §3553(a) factors. When in actuality, quantifying and applying the requirements by the Judge Adams's decision, any reasonable person would have a cause to believe that Ugochukwu was charged with establishing a far-reaching requirements, that was not applicable to §3553(a) factors in determination-requirements, Under Compassionate Release's relief request.

From all indications, Judge Adams did abused his discretion by improper application of the law of not following the legal standard set by both the Commission and this Own very Circuit, of what now constitutes extraordinary and compelling circumstance[§1B1.13(b)(6)] criterias; interpreted the law to have barred him from granting a reduction, when, in fact, he has discretion to do so[extraordinary and compelling reasons and also §3553(a) factors]; based his ruling on an erroneous view of the law[legal standard and §3553(a) factors]; and also made a clearly erroneous assessment of the recorded evidence(s)[warrantless GPS device placement, Amendment 782, Amendment 814 and §3553(a) factors].

## CONCLUSION

For the foregoing reasons, Appellant humbly requests this Court to Vacate, Remand and Reassign the Appellant's caseload with a specific instruction[s] of a fairly outcome to another district court's judge whose impartiality might not be reasonably question.

Respectfully submitted this day of 14th January, 2025.

CHRISTOPHER UGOCHUKWU

(Pro se litigant)

F.C.I VICTORVILLE MEDIUM #1

P.O.BOX 3725

ADELANTO, CA 92301

20

## CERTIFICATE OF SERVICE

I, Christopher Ugochukwu, do hereby certify that i have sent one(1) copy of the foregoing "Appellant's Opening brief", to the Clerk of Court, Potter Stewart U.S. Courthouse, 100 East Fifth Street, Suite 540, Cincinnati, Ohio, 45202, and another one(1) service copy to the AUSA, 801 West Superior Avenue, Suite 400, Cleveland, Ohio 44113, for filing by delivering same to prison officials here at my present prison of confinement with sufficient postage affixed thereon to ensure it's first-class delivery on this 14th day of January, 2025.

> CHRISTOPHER UGOCHUKWU
> (Pro se litigant)
> Reg. No. 56106060
> F.C.I. VICTORVILLE MEDIUM #1
> P.O.BOX 3725
> ADELANTO, CA 92301

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief herewithin, complies with the briefing requirements of Sixth circuit Rule 28 in all respects and to the best of my ability with the tools available to me at my presnt prison of confinement. The foregoing brief contains on or about 7,418  words according to the Swintec 7000 series typewriter, which does not exceed this Court's 13,000-word limit or 30 pages for briefs. I do beg the Court's pro se liberal indulgence to excuse or waive any shortcomings or deficiencies in style, format, or content that may exist in this filing. -see **Haines v. Kerner,404 U.S. 519,520-21(1972)(Court's must hold pro se pleadings to less stringent standard than formal pleadings drafted by lawyers).**

21

## DESIGNATION OF RELEVANT DISTRICT'S AND APPELLATE'S COURT DOCUMENTS

Pursuant to Sixth Circuit Rule 30(b), the following filings from both Appellate's and District's Court records are designated as relevant to this appeal:

| DESCRIPTION OF ENTRY | RECORD ENTRY NO. | PAGE RANGE |
|---|---|---|
| DOCKET SHEET, SIXTH CIRCUIT COURT OF APPEALS CASE NO. 24-3087;24-3869;24-3953 | N/A | N/A |
| Appellant's Opening brief(Case No.24-3087) | 9 | 1-16 |
| Sixth Circuit's Order(Vacated and Remanded) | 11 | 5 |
| Appellant's Opening Brief(Case No.24-3869) | N/A | N/A |
| Appellant's Opening Brief(Case No.24-3953) | N/A | N/A |
| DOCKET SHEET, NORTHERN DISTRICT COURT OF OHIO CASE NO.1:10-CR-405 | N/A | N/A |
| Sentencing Transcript | 685 | 5477 |
| Evidentiary Hearing Order | 996 | 7856 |
| Appellant's Compassionate Release Motion | 1015 | 7911-25 |
| Appellant's Supplementary Motion | 1032 | 7077-83 |
| Appellant's Reply to Govt.'s Opposition brief | 1065 | N/A |
| Judge's Order(1st Inadequate denial)(Comp. Release) | 1072 | 8118-19 |
| Judge's Order(2nd Inadequate Denial)(Comp. Release) | 1131 | 1-8 |

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

### CASE NO.24-4107

---

### APPELLANT'S ADDENDUM

---

1). Exhibit "A" (Judge Adams's Inadequate Order List)

2). Exhibit "B" (Computation Data Sheet)

3). Exhibit "C" (Immigration Judge's Removal Order)

4). Exhibit "D" (Recidivism Risk Assessment Sheet)

5). Notice Of Appeal's copy Sheet

TAB   "A"

EXHIBIT

EXHIBIT "A"

## JUDGE ADAMS'S INADEQUATE ORDERS

[Inadequate identical-material Orders, with the only difference being the defendant's name, prison, and number of positive COVID-19 cases that the court issued within a matter of a day apart]

### JANUARY 23RD, 2024

1). United States v. Caver, 2024 U.S. Dist. lexis 11345, No.1:03-Cr-486

2). United States v. Francis, 2024 U.S. Dist lexis 11346, No.1:16-Cr-69

3). United States v. Richards, 2024 U.S. Dist lexis 11349, No.1:18-Cr-131

4). United States v. Templeton, 2024 U.S. Dist. lexis 11344, No.5:18-Cr-597

5). United States v. Wilson, 2024 U.S. Dist. lexis 11350, No.1:19-cr-431

### JANUARY 24TH, 2024

6). United States v. Abdullah, 2024 U.S. Dist. lexis 12196, No.1:03-Cr-486

7). United States v. Arnold, 2024 U.S. Dist. lexis 12176, No.1:16-Cr-302

8). United States v. Bell, 2024 U.S. Dist. lexis 12160, No.1:19-Cr-147

9). United States v. Bish, 2024 U.S. Dist. lexis 12226, No.1:19-Cr-175

10). United States v. Boesen, 2024 U.S. Dist. lexis 12184, No.1:16-Cr-113

11). United States v. Booker, 2024 U.S. Dist. lexis 12161, No.4:20-Cr-603

12). United States v. Caldwell, 2024 U.S. Dist. lexis 12197, No.1:14-Cr-58

13). United States v. Campana, 2024 U.S. Dist. lexis 12193, No.1:07-Cr-210

14). United States v. cargill, 2024 U.S. Dist. lexis 12178, No.5:20-Cr-408

15). United States v. Crosby, 2024 U.S. Dist. lexis 12168, No.1:19-Cr-147

16). United States v. Edmonson, 2024 U.S. Dist. lexis 12180, No.1:14-Cr-325

17). United States v. Fletcher,2024 U.S. Dist. lexis 12179, No.1:19-Cr-464

18). United States v. Gibson,2024 U.S. Dist. lexis 12165, No.1:19-Cr-147

19). United States v. Gonzalez,2024 U.S. Dist lexis 12263, No1:04-Cr-328

20). United States v. Harris,2024 U.S. Dist. lexis 12167, No.1:17-cr-206

21). United States v. Louk,2024 U.S. Dist. lexis 12164, No.1:19-Cr-111

22). United States v. Martinez,2024 U.S. Dist. lexis 12190, No.1:19-Cr-767

23). United States v. Moore,2024 U.S. Dist. lexis 12189, No.1:20-Cr-4

24). United States v. Morris,2024 U.S. Dist. lexis 12188, No.1:17-Cr-414

25). United States v. Nixon,2024 U.S. Dist. lexis 12166, No1:18-Cr-185

26). United States v. Scales,2024 U.S. Dist. lexis 12181, No.1:18-Cr-576

27). United States v. Siggers,2024 U.S. Dist. lexis 12199, No.1:19-Cr-147

28). United States v. Smith,2024 U.S. Dist. lexis 12186, No.1:16-Cr-204

29). United States v. Stoneham,2024 U.S. Dist. lexis 12194, No.1:18-Cr-662

30). United States v. Stubbs,2024 U.S. Dist. lexis 12206, No.4:20-Cr-506

31). United States v. Ugochukwu,2024 U.S. Dist. lexis 12195, No.1:20-Cr-405

32). United States v. Walcott,2024 U.S. Dist. lexis 12182, No.1:12-Cr-575

33). United States v. Walton,2024 U.S. Dist. lexis 12196, No.5:14-Cr-301

34). United States v. Williams,2024 U.S. Dist. lexis 12192, No.5:16-Cr-326

TAB    "B"

EXHIBIT

EXHIBIT B

```
 VIMLG  540*23  *          SENTENCE MONITORING          *     10-23-2024
 PAGE 002        *          COMPUTATION DATA             *     14:32:16
                             AS OF 10-23-2024


 REGNO..: 56106-060 NAME: UGOCHUKWU, CHRISTOPHER


 DATE OF OFFENSE................: 05-12-2010

 ------------------------CURRENT COMPUTATION NO: 010 ------------------------


 COMPUTATION 010 WAS LAST UPDATED ON 05-20-2024 AT DSC AUTOMATICALLY
 COMPUTATION CERTIFIED ON 09-22-2011 BY DESIG/SENTENCE COMPUTATION CTR

 THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
 CURRENT COMPUTATION 010: 010 010

 DATE COMPUTATION BEGAN..........: 08-19-2011
 TOTAL TERM IN EFFECT............:   320 MONTHS
 TOTAL TERM IN EFFECT CONVERTED..:    26 YEARS      8 MONTHS
 EARLIEST DATE OF OFFENSE........: 05-12-2010

 JAIL CREDIT.....................:    FROM DATE      THRU DATE
                                     07-27-2010     08-18-2011

 TOTAL PRIOR CREDIT TIME.........: 388
 TOTAL INOPERATIVE TIME..........: 0
 TOTAL GCT EARNED AND PROJECTED..: 1310
 TOTAL GCT EARNED................: 627
 STATUTORY RELEASE DATE PROJECTED: 08-24-2033
 ELDERLY OFFENDER TWO THIRDS DATE: 05-06-2028
 EXPIRATION FULL TERM DATE.......: 03-26-2037
 TIME SERVED.....................:    14 YEARS      2 MONTHS      27 DAYS
 PERCENTAGE OF FULL TERM SERVED..: 53.4
 PERCENT OF STATUTORY TERM SERVED: 61.7

 PROJECTED SATISFACTION DATE.....: 08-24-2032
 PROJECTED SATISFACTION METHOD...: FSA REL
    WITH FSA CREDITS INCLUDED...: 365

 REMARKS.......: 09-18-13 DIS GCT 27 DAYS TAKEN. F/PML; 1-12-18 DIS 7D F/ADB
                 04-27-2020 GCT UPDATED PURSUANT TO FSA F/ECP; 11-30-20 DGCT41D
                 F/DMW;8-30-21 DGCT.F/DMW;7-12-22 EXPUNGED 82D F/JAM; 5-20-24
                 DIS GCT F/AMA.




 G0002       MORE PAGES TO FOLLOW . . .
```

TAB  "C"

EXHIBIT

EXHIBIT



# UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
### ADELANTO IMMIGRATION COURT

| | |
|---|---|
| Respondent Name: | A-Number: |
| UGOCHUKWO, CHRISTOPHER EBERE | 074170862 |
| To: | |
| UGOCHUKWO, CHRISTOPHER EBERE | Riders: |
| C/O IHP CUSTODIAL OFFICER | In Removal Proceedings |
| 13777 AIR EXPRESSWAY BLVD | Date: |
| FCI-1/ BOP#56106-060 | 11/28/2023 |
| VICTORVILLE, CA 92394 | |

## ORDER OF THE IMMIGRATION JUDGE

☒  This is a summary of the oral decision entered on 11/28/2023.     The oral decision in this case is the official opinion, and the immigration court issued this summary for the convenience of the parties.

☐  Both parties waived the issuance of a formal oral decision in this proceeding.

### I.  Removability

The immigration court found Respondent  ☒ removable ☐ inadmissible under the following Section(s) of the Immigration and Nationality Act (INA or Act):  237(a)(2)(A)(iii)

The immigration court found Respondent  ☐ not removable ☐ not inadmissible under the following Section(s) of the Act:

### II.  Applications for Relief

Respondent's application for:

A. Asylum/Withholding/Convention Against Torture
  ☒ Asylum was ☐ granted ☒ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice
  ☒ Withholding of Removal under INA § 241(b)(3) was ☐ granted ☒ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice.
  ☒ Withholding of Removal under the Convention Against Torture was ☐ granted ☒ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice.
  ☒ Deferral of Removal under the Convention Against Torture was ☐ granted ☒ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice.
  ☐ Respondent knowingly filed a frivolous application for asylum after notice of the

consequences. *See* INA § 208(d)(6); 8 C.F.R. §1208.20

B. Cancellation of Removal

☐ Cancellation of Removal for Lawful Permanent Residents under INA § 240A(a) was

    ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice.

☐ Cancellation of Removal for Nonpermanent Residents under INA § 240A(b)(1) was

    ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice.

☐ Special Rule Cancellation of Removal under INA § 240A(b)(2) was

    ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice.

C. Waiver

    ☐ A waiver under INA §    was

        ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice.

D. Adjustment of Status

    ☐ Adjustment of Status under INA §    was

        ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice.

E. Other

## III.  Voluntary Departure

☒ Respondent's application for ☐ pre-conclusion voluntary departure under INA § 240B(a)

☒ post-conclusion voluntary departure under INA § 240B(b) was ☒ denied.

☐ Respondent's application for ☐ pre-conclusion voluntary departure under INA § 240B(a)

☐ post-conclusion voluntary under INA § 240B(b) departure was ☐ granted, and

Respondent is ordered to depart by [        ]. The respondent must post a $ [      ]

bond with DHS within five business days of this order. Failure to post the bond as
required or to depart by the required date will result in an alternate order of removal to

[        ] taking effect immediately.

☐ The respondent is subject to the following conditions to ensure his or her timely
    departure from the United States:

☐ Further information regarding voluntary departure has been added to the record.

☐ Respondent was advised of the limitation on discretionary relief, the consequences
    for failure to depart as ordered, the bond posting requirements, and the consequences of
    filing a post-order motion to reopen or reconsider:

If Respondent fails to voluntarily depart within the time specified or any extensions granted by the DHS, Respondent shall be subject to a civil monetary penalty as provided by relevant statute, regulation, and policy. *See* INA § 240B(d)(1). The immigration court has set

☐ the presumptive civil monetary penalty amount of $3,000.00 USD

☐ $_____ USD instead of the presumptive amount.

If Respondent fails to voluntarily depart within the time specified, the alternate order of removal shall automatically take effect, and Respondent shall be ineligible, for a period of 10 years, for voluntary departure or for relief under sections 240A, 245, 248, and 249 of the Act, to include cancellation of removal, adjustment of status, registry, or change of nonimmigrant status. *Id.*

If Respondent files a motion to reopen or reconsider prior to the expiration of the voluntary departure period set forth above, the grant of voluntary departure is automatically terminated; the period allowed for voluntary departure is not stayed, tolled, or extended. If the grant of voluntary departure is automatically terminated upon the filing of such a motion, the penalties for failure to depart under section 240B(d) of the Act shall not apply.

If Respondent appeals this decision, Respondent must provide to the Board of Immigration Appeals (Board), within 30 days of filing an appeal, sufficient proof of having posted the voluntary departure bond. The Board will not reinstate the voluntary departure period in its final order if Respondent does not submit timely proof to the Board that the voluntary departure bond has been posted.

In the case of conversion to a removal order where the alternate order of removal immediately takes effect, where Respondent willfully fails or refuses to depart from the United States pursuant to the order of removal, to make timely application in good faith for travel or other documents necessary to depart the United States, to present himself or herself at the time and place required for removal by the DHS, or conspires to or takes any action designed to prevent or hamper Respondent's departure pursuant to the order of removal, Respondent may be subject to a civil monetary penalty for each day Respondent is in violation. If Respondent is removable pursuant to INA § 237(a), then he or she shall be further fined or imprisoned for up to 10 years.

## IV.   Removal

☒ Respondent was ordered removed to   Nigeria.

☐ In the alternative, Respondent was ordered removed to

☒ Respondent was advised of the penalties for failure to depart pursuant to the removal order:

> If Respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, to present himself or herself at the time and place required for removal by the DHS, or conspires to or takes any action designed to prevent or hamper Respondent's departure pursuant to the order of removal, Respondent may be subject to a civil monetary penalty for each day Respondent is in violation. If Respondent is removable pursuant to INA § 237(a), then he or she shall be further fined or imprisoned for up to 10 years.

## V.   Other

☐ Proceedings were ☐ dismissed ☐ terminated with prejudice ☐ terminated without prejudice
☐ administratively closed.

consequences. *See* INA § 208(d)(6); 8 C.F.R. §1208.20

B. Cancellation of Removal

☐ Cancellation of Removal for Lawful Permanent Residents under <u>INA § 240A(a)</u> was
   ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice.

☐ Cancellation of Removal for Nonpermanent Residents under <u>INA § 240A(b)(1)</u> was
   ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice.

☐ Special Rule Cancellation of Removal under <u>INA § 240A(b)(2)</u> was
   ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice.

C. Waiver

☐ A waiver under INA §        was
   ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice.

D. Adjustment of Status

☐ Adjustment of Status under INA §        was
   ☐ granted ☐ denied ☐ withdrawn with prejudice ☐ withdrawn without prejudice.

E. Other

## III.   Voluntary Departure

☒ Respondent's application for ☐ pre-conclusion voluntary departure under INA § 240B(a)

☒ post-conclusion voluntary departure under INA § 240B(b) was ☒ denied.

☐ Respondent's application for ☐ pre-conclusion voluntary departure under INA § 240B(a)

☐ post-conclusion voluntary under INA § 240B(b) departure was ☐ granted, and

Respondent is ordered to depart by [        ]. The respondent must post a $ [        ]

bond with DHS within five business days of this order. Failure to post the bond as required or to depart by the required date will result in an alternate order of removal to

[        ] taking effect immediately.

☐ The respondent is subject to the following conditions to ensure his or her timely departure from the United States:

☐ Further information regarding voluntary departure has been added to the record.

☐ Respondent was advised of the limitation on discretionary relief, the consequences for failure to depart as ordered, the bond posting requirements, and the consequences of filing a post-order motion to reopen or reconsider:

☐ Respondent's status was rescinded under INA § 246.

☐ Other:

Immigration Judge: HALPERIN, RAVIT  11/28/2023

Appeal:    Department of Homeland Security:    ☒ waived    ☐ reserved

           Respondent:    ☐ waived    ☒ reserved

Appeal Due: 12/28/2023

### Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service

To: [  ] Noncitizen | [ E ] Noncitizen c/o custodial officer | [    ] Noncitizen's atty/rep. | [ P ] DHS Riders:

By: RIVERA, SONIA, Court Staff

Date: 11/28/2023

TAB    "D"

EXHIBIT

## EXHIBIT "D"

### FSA Recidivism Risk Assessment (PATTERN 01.03.00)

Register Number:56106-060, Last Name:UGOCHUKWU

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Register Number: 56106-060 | Risk Level Inmate....: R-LW |
| Inmate Name | General Level......: R-MIN (-2) |
| Last.........: UGOCHUKWU | Violent Level......: R-LW (9) |
| First........: CHRISTOPHER | Security Level Inmate: LOW |
| Middle.......: | Security Level Facl..: MEDIUM |
| Suffix.......: | Responsible Facility: VIM |
| Gender........: MALE | Start Incarceration..: 08/19/2011 |

**PATTERN Worksheet Details**

Item: Programs Completed, Value: 23

General Score: -12, Violent Score: -4

Risk Item Data

| Category | - Assignment - | Start | - Stop |
|---|---|---|---|
| DRG | ED COMP | 04/07/2016 15:30 | |
| EDC | CDL | 07/10/2012 10:16 | 07/10/2012 10:16 |
| EDC | ACE/FRNCH1 | 03/05/2014 00:01 | 03/05/2014 00:01 |
| EDC | I CHK BOOK | 03/17/2022 00:01 | 03/17/2022 00:01 |
| EDC | I WORLDWAR | 04/14/2022 00:01 | 04/14/2022 00:01 |
| EDC | I MOTHER | 05/19/2022 00:01 | 05/19/2022 00:01 |
| EDC | I FATHER | 06/09/2022 00:01 | 06/09/2022 00:01 |
| EDC | I FORMS 1 | 07/14/2022 00:01 | 07/14/2022 00:01 |
| EDC | I FORMS 2 | 08/18/2022 00:01 | 08/18/2022 00:01 |
| EDC | I STRESS | 10/13/2022 00:01 | 10/13/2022 00:01 |
| EDC | I US GEO | 11/10/2022 00:01 | 11/10/2022 00:01 |
| EDC | I BESTFTHR | 12/08/2022 00:01 | 12/08/2022 00:01 |
| EDC | I PRISON P | 01/12/2023 00:01 | 01/12/2023 00:01 |
| EDC | I RESUME | 02/16/2023 00:01 | 02/16/2023 00:01 |
| EDC | CREDIT | 07/05/2023 08:00 | 07/05/2023 08:00 |
| EDC | I US CULT | 08/02/2023 08:00 | 08/02/2023 08:00 |
| EDC | I FAMOUS 1 | 09/05/2023 08:00 | 09/05/2023 08:00 |
| EDC | I SHAPESPE | 11/01/2023 08:00 | 11/01/2023 08:00 |
| EDC | I EXP ASIA | 12/01/2023 08:00 | 12/01/2023 08:00 |
| EDC | I GED WRIT | 02/01/2024 08:00 | 02/01/2024 08:00 |
| EDC | I SUDOKU 1 | 05/01/2024 08:00 | 05/01/2024 08:00 |
| EDC | I FORMS 3 | 06/03/2024 08:00 | 06/03/2024 08:00 |
| EDC | I US HIS 1 | 08/01/2024 08:00 | 08/01/2024 08:00 |

-------------------------------------------------------------

Item: Work Programs, Value: 0

General Score: 0, Violent Score: 0

Risk Item Data

No Data

**Assessment Date: 10/16/2024**                    **(1)**                    **Assessment# R-2146165866**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**FILED**

**DEC 2 6 2024**

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | |
| (Plaintiff) | § | CASE NO. 1:10-Cr-405 |
| v. | § | |
| | § | |
| CHRISTOPHER UGOCHUKWU | § | JUDGE JOHN R. ADAMS |
| (Defendant) | | |

## NOTICE OF APPEAL

Notice is hereby given that Christopher Ugochukwu (Defendant), acting pro se , hereby appeal to the United States Court of Appeals for the Sixth Circuit from this Court's Order denying his Motion for Compassionate Release Under 18 U.S.C. §3582(c)(1)(A)(DKTS. #1015;#1032; and #1065). Entered in this action on the 4th day of December, 2024(DKT. #1131).

Respectfully Submitted this 16th day of December,2024.

CHRISTOPHER UGOCHUKWU
Reg. No. 56106060
(pro se litigant)

*Christopher Ugochukwu*

F.C.I. VICTORVILLE MEDIUM #1
P.O.BOX 3725
ADELANTO,CA 92301

## CERTIFICATE OF SERVICE

This is to certify a true and correct copy of Defendant's, Christopher Ugochukwu's Notice of Appeal request, is mail on this 16th day of December,2024, to Clerk of the Court for filing. Please do notify and send copies to all parties who have vested interest in this matter and also, are indicated on the electronic filing.

CHRISTOPHER UGOCHUKWU
Reg. No. 56106060
(Pro se litigant)

F.C.I VICTORVILLE MEDIUM #1
P.O.BOX 3725
ADELANTO, CA 92301

CHRISTOPHER UGOCHUKWU
. No. 56106060
FEDERAL CORRECTIONAL INSTITUTE
VICTORVILLE MEDIUM #1
.BOX 3725
ADELANTO, CA 92301

**RECEIVED**

JAN 28 2025

.Y L. STEPHENS, Clerk

CLERK OF THE COURT

POTTER STEWART UNITED STATES COURTHOUSE,

100 EAST FIFTH STREET, SUITE #540,

CINCINNATI, OHIO 45202

