IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

---

CASE NO. 24-4107

---

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

CHRISTOPHER UGOCHUKWU
Defendant-Appellant.

---

On Appeal from the United States District Court
for the Northern District of Ohio

---

BRIEF OF PLAINTIFF-APPELLEE

---

CAROL M. SKUTNIK
Acting United States Attorney
Northern District of Ohio

/s/ Matthew B. Kall
Matthew B. Kall
Assistant U.S. Attorney
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3915
Matthew.B.Kall@usdoj.gov

Counsel for Plaintiff-Appellee

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................... iii

STATEMENT REGARDING ORAL ARGUMENT ........................................... vii

JURISDICTIONAL STATEMENT ......................................................... 1

STATEMENT OF THE ISSUES............................................................ 2

STATEMENT OF THE CASE.............................................................. 3

    I.    Introduction ......................................................... 3

    II.    Factual Background................................................ 3

        A.    Ugochukwu imported and distributed massive heroin quantities. ............................................................... 3

        B.    Ugochukwu is charged and convicted at trial. ........................... 4

        C.    Ugochukwu received a within-Guidelines sentence................. 4

        D.    This Court affirmed the convictions and sentence. ................... 7

        E.    The district court denied Ugochukwu's first sentencing-modification motion, based on 2014 Guideline Amendments. .. 7

        F.    The district court denied Ugochukwu's compassionate release motion, but it failed to address three arguments. ....................... 8

        G.    The district court considered Ugochukwu's motion and supplement but found him ineligible for compassionate release. It further found that the Section 3553(a) factors weighed against sentencing modification. ......................................................... 12

        H.    Ugochukwu has two additional sentencing-modification appeals pending in this Court................................................... 15

SUMMARY OF THE ARGUMENT ...................................................... 16

ARGUMENT ................................................................................ 18

    I.    This Court should affirm the denial of compassionate release. .......... 18

A. Standard of Review ...................................................................18

B. Standards Governing Sentencing Modification Motions .........18

C. The Sentencing Commission exceeded its authority in policy statement 1B1.13(b)(6). ...........................................................20

D. No extraordinary and compelling reasons support compassionate release. ...........................................................23

E. The district court reasonably concluded that the Section 3553(a) factors weighed against reducing Ugochukwu's sentence. ......28

CONCLUSION ....................................................................................32

CERTIFICATION OF COMPLIANCE WITH WORD LIMITATION .................33

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS .............34

CERTIFICATION OF SERVICE ...........................................................35

# TABLE OF AUTHORITIES

**Federal Cases**

Chavez-Meza v. United States, 585 U.S. 109 (2018)................................. 29, 30, 31

Concepcion v. United States, 597 U.S. 481 (2022) .......................................... 10, 13

Gonzalez v. Crosby, 545 U.S. 524 (2005) .................................................................22

Houston v. Lack, 487 U.S. 266 (1988) ........................................................................1

Neal v. United States, 516 U.S. 284 (1996).............................................................21

United States v. Alam, 960 F.3d 831 (6th Cir. 2020) ...............................................19

United States v. Babcock, 753 F.3d 587 (6th Cir. 2014)........................................24

United States v. Bricker, __ F.4th __, No. 24-3286,
    2025 WL 1166016 (6th Cir. Apr. 22, 2025) ............................................. 2, 16, 20

United States v. Davis-Malone, 128 F.4th 829 (6th Cir. 2025)..............................31

United States v. Fisher, 745 F.3d 200, 204-05 (6th Cir. 2014) ..............................27

United States v. Havis, 927 F.3d 382 (6th Cir. 2019) ........................... 9, 10, 11, 12

United States v. Hill, 963 F.3d 528 (6th Cir. 2020)..................................................24

United States v. Hunter, 12 F.4th 555 (6th Cir. 2021)......................................26, 27

United States v. Jenkins, 50 F.4th 1185 (D.C. Cir. 2022) .......................................22

United States v. Jones, 565 U.S. 400 (2012) ..................................................... passim

United States v. Jones, 980 F.3d 1098 (6th Cir. 2020)...........................................19

United States v. Keefer, 832 F. App'x 359 (6th Cir. 2020)..............................29, 30

United States v. King, 40 F.4th 594 (7th Cir. 2022).................................................22

United States v. Koons, 850 F.3d 973 (8th Cir. 2017) .............................................21

United States v. Lemons, 15 F.4th 747 (6th Cir. 2021)............................................28

United States v. McCall, 20 F.4th 1108 (6th Cir. 2021)............................................8

United States v. McCall, 29 F.4th 816 (6th Cir. 2022)............................................9

United States v. McCall, 56 F.4th 1048 (6th Cir. 2022)....................... 10, 12, 13, 21

United States v. McClain, 691 F.3d 774 (6th Cir. 2012)........................................18

United States v. Navarro, 986 F.3d 668 (6th Cir. 2021)........................................29

United States v. Rafidi, 842 F. App'x 1017 (6th Cir. 2021)...................................29

United States v. Ruffin, 978 F.3d 1000 (6th Cir. 2020) ................................. 30, 31

United States v. Stewart, 73 F.4th 423 (6th Cir. 2023) ..........................................18

United States v. Tomes, 990 F.3d 500, 504 (6th Cir. 2021)...................................29

United States v. Ugochukwu, 538 F. App'x 674 (6th Cir. 2013)................... 3, 4, 7

United States v. Ugochukwu, No. 24-3087,
    2024 WL 4298541 (6th Cir. Sept. 24, 2024)..................................................1, 11

United States v. West, 70 F.4th 341 (6th Cir. 2023) ...............................................18

United States v. Williams, 808 F.3d 253 (4th Cir. 2015).......................................21

Wisconsin Cent. Ltd. v. United States, 138 S. Ct. 2067 (2018) .............................21

**Federal Statutes**

18 U.S.C. § 3231 .......................................................................................................1

18 U.S.C. § 3553(a) ......................................................................... passim

18 U.S.C. § 3553(c) .................................................................................................29

18 U.S.C. § 3582....................................................................................................19

18 U.S.C. § 3582(b) ...............................................................................................18

18 U.S.C. § 3582(c) ................................................................18

18 U.S.C. § 3582(c)(1)(A) ............................................... <u>passim</u>

18 U.S.C. § 3582(c)(1)(A)(i) ................................... 18, 20, 23

18 U.S.C. § 3582(c)(2) ..................................................... 15, 18

21 U.S.C. § 841(a)(1) ...............................................................4

21 U.S.C. § 841(b)(1)(A) ........................................................4

21 U.S.C. § 843(b) ...................................................................4

21 U.S.C. § 846 .......................................................................4

28 U.S.C. § 1291 .....................................................................1

## Federal Rules

Federal Rule of Appellate Procedure 34(a)(2)(C) ................................. vii

## U.S. Sentencing Guidelines

U.S.S.G. § 1B1.13 ............................................... 11, 19, 23

U.S.S.G. § 1B1.13(b)(1)(D) ................................................28

U.S.S.G. § 1B1.13(b)(6) .......................................... 20, 23, 24

U.S.S.G. § 2D1.1(c) ............................................... 4, 7, 25

U.S.S.G. § 2D1.1(c)(2) (2010) .............................................4

U.S.S.G. § 3B1.1(a) (2010) ..................................................4

## Other Authorities

Black's Law Dictionary (12th ed. 2024) .................................25

Oxford English Dictionary (2d ed. 2024) ...............................25

Webster's Third New International Dictionary of the English Language ...............22

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Plaintiff-Appellee, the United States of America, believes that oral argument is unnecessary because the briefs and record adequately present the facts and legal arguments and oral argument would not significantly aid the Court's decision. Defendant-Appellant Christopher Ugochukwu challenges the district court's denial of his motion for compassionate release. This Court recently rejected his central argument and can easily resolve the remaining ones without oral argument. The government therefore recommends that this Court decide this case on the briefs under Federal Rule of Appellate Procedure 34(a)(2)(C).

## JURISDICTIONAL STATEMENT

The district court originally had jurisdiction over this criminal case under 18 U.S.C. § 3231 because it involved offenses against the laws of the United States.  (R. 18: Indictment, PageID 583-719).

On February 22, 2022, Ugochukwu filed a compassionate-release motion. (R. 1015: Compassionate Release Motion, PageID 7911-25).  The district court had jurisdiction to consider it under 18 U.S.C. § 3582(c)(1)(A) and denied it on January 24, 2024.  (R. 1072: First Order Denying Compassionate Release, PageID 8118-19).  On appeal, this Court vacated the district court's order and remanded, because the district court had not adequately addressed all of Ugochukwu's arguments.  United States v. Ugochukwu, No. 24-3087, 2024 WL 4298541, at *2 (6th Cir. Sept. 24, 2024).

Following remand, on December 4, 2024, the district court addressed each of Ugochukwu's remaining arguments and denied compassionate release. (R. 1131: Memorandum of Opinion, PageID 8292-99).  Ugochukwu filed a timely notice of appeal on December 16, 2024.[1]  (R. 1132: Notice of Appeal, PageID 8300).  This Court has appellate jurisdiction under 28 U.S.C. § 1291.

---

[1] The district court did not receive the notice of appeal until December 24th. But under the prisoner mailbox rule, Ugochukwu's notice is considered filed when he provides it to prison officials for mailing.  See Houston v. Lack, 487 U.S. 266, 275-76 (1988).  It was timely.

## **STATEMENT OF THE ISSUES**

I.    In <u>United States v. Bricker</u>, this Court reaffirmed its <u>en banc</u> decision in <u>United States v. McCall</u> and held that nonretroactive sentencing-law changes could not constitute extraordinary and compelling reasons for compassionate release.  That was the central eligibility argument in Ugochukwu's brief.  Has Ugochukwu demonstrated any other basis for sentencing-modification eligibility?

II.    If nonretroactive changes in sentencing law were a basis for eligibility for compassionate release, would Ugochukwu be able to demonstrate that his sentence today would be grossly disproportionate to the one that he received?

III.    Even if an Ugochukwu were eligible for sentencing modification, the district court had discretion to deny it, if the statutory sentencing factors weighed against it.  Here, the district court balanced his leadership role in a large heroin-importation conspiracy against his personal circumstances.  It concluded that a 320-month sentence was still needed to promote respect for the law, afford adequate deterrence, and protect the public.  Did the court reasonably exercise its discretion?

## STATEMENT OF THE CASE

### I.   Introduction

When the district court denied Ugochuwku's compassionate-release motion in 2024, it addressed one of his arguments.  After appeal and remand, the district court addressed the remaining three claims.  It properly found that Ugochukwu was not eligible for compassionate release.  It also reasonably concluded that it would be inappropriate to modify his sentence, after considering the Section § 3553(a) factors.  Ugochukwu has not shown any error or abuse of discretion.  This Court should therefore affirm.

### II.   Factual Background

#### A.   Ugochukwu imported and distributed massive heroin quantities.

Christopher Ugochukwu led a 24-defendant multi-kilogram heroin-importation and distribution conspiracy in Cleveland, Ohio.  See United States v. Ugochukwu, 538 F. App'x 674, 675 (6th Cir. 2013).  Ugochukwu had "fronted" hundreds of thousands of dollars' worth of heroin to two of his codefendants to distribute, and the jury watched a video of Ugochukwu collecting a large bag containing $300,000 of drug proceeds from Richard Lanier, one of those codefendants.  Id. at 676.  During a search of a stash house belonging to Lanier, agents discovered an additional $1.2 million of drug proceeds.  Id.  And in Ugochukwu's apartment were "bags of heroin in finger form (suggesting recent

arrival by body courier from overseas), currency, a money counter, a scale, a kilo press, a blender, a food sealer, cutting agents, packaging materials, and receipts for nearly $100,000 in money orders." Id. at 677.

**B.    Ugochukwu is charged and convicted at trial.**

Ugochukwu was charged with three crimes:

- Conspiring to possess with the intent to distribute and to distribute more than one kilogram of heroin, in violation of 21 U.S.C. § 846;

- Possessing more than one kilogram of heroin with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A); and

- Using a telephone to facilitate drug trafficking, in violation of 21 U.S.C. § 843(b).

(R. 1: Indictment, PageID 583-719).  He was found guilty of all three counts. (R. 488: Verdict, PageID 3125-29).  The jury also returned special verdicts finding that the drug quantity for the first two crimes was one kilogram or more of heroin.

**C.    Ugochukwu received a within-Guidelines sentence.**

At sentencing, the district court found that the conspiracy involved 10 to 30 kilograms of heroin.  (R. 685: Sentencing Trans., PageID 5420-25).  This resulted in base offense level of 36.  See U.S.S.G. § 2D1.1(c)(2) (2010).  The court also found that Ugochukwu was a leader or organizer of criminal activity involving more than five people.  (R. 685: Sentencing Trans., PageID 5436-38).  This resulted in a 4-level upward adjustment.  See U.S.S.G. § 3B1.1(a) (2010).  With

criminal history category I, the advisory Guidelines range was 292 to 365 months. (R. 685: Sentencing Trans., PageID 5438).

The district court imposed a within-Guidelines sentence of 320 months' imprisonment. (Id., PageID 5479). In imposing that sentence, the district court stressed its reliance on the sentencing factors in 18 U.S.C. § 3553(a). (Id., PageID 5474). The court explained that Ugochukwu was "in charge, … the number one person," of "a conspiracy that involved 24 defendants," and that "the heroin this defendant provided to Cleveland, Ohio fed not only the addictions of other users and addicts, [but also] fed the addiction of the defendants who were also involved in the distribution of these drugs into the community." (Id., PageID 5474-75). The court found "[t]he sheer quantity of the drugs involved" to be "staggering" and to "make [Ugochukwu] a risk to the public," given the prevalence of drug overdoses and the harms that drug addiction poses to persons addicted to drugs. (Id., PageID 5475-77, 5478). The court also focused on the need for deterrence:

> So individuals of this nature who come to this country and distribute this poison, particularly at these levels, a message needs to be sent. It will not be tolerated. If you're going to deal drugs, if you want to make millions of dollars in the drug trade and you want to take that risk, then you're going to face a harsh sanction, and that sanction is going to be an extensive sanction. You're going to prison for a long period of time, and you're not going to be allowed or permitted to distribute this poison.

(Id., PageID 5477).  In sum, the court thought that it was impossible to "understate the seriousness of this type of crime [and] the need for a harsh sentence to protect the public and reflect the seriousness of the offense."  (Id.).

After sentencing, the district court also issued a nine-page written opinion to "supplement [its] oral pronouncement of sentence."  (R. 655: Sentencing Opinion, PageID 5068-76).  After summarizing its offense-level calculations, the court noted its view that "the [g]overnment's calculation of 17 kilograms of heroin is exceedingly conservative" because it was based only on "drugs actually seized during the investigation" and that "[t]here is no question from the evidence that significantly more heroin was trafficked and never confiscated."  (Id., PageID 5070).  The court also supplemented its discussion of the Section 3553(a) factors from sentencing with additional observations about the "widespread" "debilitating effects" that Ugochukwu's heroin trafficking had caused to lower-level defendants in the case and "throughout the community," "the growing dangers associated with heroin" that could not be "overstate[d]," and the "lengthy period of time" during which Ugochukwu had sold "kilogram after kilogram of heroin" into the community, "knowing full well that the poison was being spread throughout the very community that he was living in."  (Id., PageID 5074-75).

**D.    This Court affirmed the convictions and sentence.**

This Court affirmed Ugochukwu's convictions and sentence on direct

appeal.  Ugochukwu, 538 F. App'x 674.  He did not raise a Fourth Amendment

challenge to the installation of a GPS device on his car.  Id.  This Court affirmed

the district court's conclusion that Ugochukwu was a leader or organizer.  Id. at

682.

**E.    The district court denied Ugochukwu's first sentencing-modification motion, based on 2014 Guideline Amendments.**

In 2014, the Sentencing Commission retroactively amended the drug-

quantity table in U.S.S.G. § 2D1.1(c).  In Amendment 782, the Commission

reduced the base offense level for most drug offenses by two levels.  And in

Amendment 788, the Commission made Amendment 782 retroactive.

In February 2015, Ugochukwu sought a sentence reduction based on those

amendments.  (R. 824: Motion to Reduce Sentence, PageID 6917-31; R. 843:

Supp. Motion to Reduce Sentence, PageID 7058-62).  The government conceded

that Ugochukwu was eligible for a reduced sentence under Amendment 782 but

argued that the district court should still deny Ugochukwu's sentence-reduction

motion because he was a long-time, large-scale, international drug trafficker who

had used body carriers to import multi-kilogram quantities of heroin into the

United States.  (R. 847: Response to Motion to Reduce Sentence, PageID 7069-

77).

The district court denied Ugochukwu's motion in a written opinion in October 2015. (R. 877: Order Denying Sentence Reduction, PageID 7244-49). It first found that Ugochukwu was eligible for a sentence reduction. (Id., PageID 7247). But after balancing the Section 3553(a) factors, the court determined that Ugochukwu should not receive a reduced sentence. See (id., PageID 7247-49). In particular, the court stressed the seriousness of Ugochukwu's underlying offense conduct, in which he "led an extensive drug-dealing conspiracy," "travelled around the world to procure and sell drugs, collect money, and recruit and manage individuals who smuggled heroin into the United States," was solely responsible for the "bulk of the planning and organizing of the most vital part of the conspiracy," and "raked in the profits while the drugs he supplied poisoned the community." (Id., PageID 7248). The court also noted that Ugochukwu had "received a disciplinary sanction as a result of a physical altercation with other inmates" while incarcerated. (Id.). In sum, the court concluded that "continued incarceration is necessary to protect the public and afford adequate deterrence to further criminal conduct." (Id.).

**F.    The district court denied Ugochukwu's compassionate release motion, but it failed to address three arguments.**

In February 2022, following the panel decision in United States v. McCall, 20 F.4th 1108 (6th Cir. 2021) ("McCall I"), Ugochukwu filed the initial compassionate-release motion at issue in this appeal. In this pro se motion,

Ugochukwu raised two potential bases for relief:  (1) relying on McCall I, he argued that this Court's en banc decision in United States v. Havis, 927 F.3d 382 (6th Cir. 2019) (en banc) (per curiam), constituted an extraordinary and compelling reason for compassionate release; and (2) he argued that his risk of contracting COVID-19 also constituted an extraordinary and compelling reason for compassionate release.  See (R. 1015: Motion for Compassionate Release, PageID 7911-19).

This Court soon thereafter granted en banc review in McCall I.  See United States v. McCall, 29 F.4th 816 (6th Cir. 2022).  The government then filed a motion informing the district court that the controlled-substance-offense definition at issue in Havis and McCall I "did not come into play with respect to [Ugochukwu's] sentence," but nevertheless asked the court to hold Ugochukwu's compassionate-release motion in abeyance pending this Court's en banc decision. (R. 1024: Motion to Hold Compassionate-Release Motion in Abeyance, PageID 7954-56).  The district court did so.  (R. 1025: Marginal Order, PageID 7958).

While his compassionate-release motion remained in abeyance, Ugochukwu filed a supplemental motion, in which he added a third and fourth potential basis for relief:  (3) he again raised his argument that he should receive a sentence reduction based on Amendment 782; and (4) he cited the Fourth Amendment

decision in <u>United States v. Jones</u>, 565 U.S. 400 (2012), which was decided after he was convicted and which he argued constituted an extraordinary and compelling reason for compassionate release under <u>Concepcion v. United States</u>, 597 U.S. 481 (2022).  (R. 1032: Supp. Motion to Reduce Sentence, PageID 7977-82).

This Court issued its <u>en banc</u> decision in <u>McCall</u> in December 2022.  <u>See</u> <u>United States v. McCall</u>, 56 F.4th 1048 (6th Cir. 2022) (<u>en banc</u>), <u>cert. denied</u>, 143 S. Ct. 2506 (2023) ("<u>McCall II</u>").  In that decision, the <u>en banc</u> Court rejected the argument that McCall and Ugochukwu had made that <u>Havis</u> (or any other nonretroactive change in sentencing law) could constitute an extraordinary and compelling reason for compassionate release, either alone or combined with other factors.  <u>See id.</u> at 1061, 1064-66.  The Court also explained that <u>Concepcion</u> allowed a district court to consider intervening changes of law only "<u>after</u> it finds a defendant meets the threshold requirement for a sentence modification," but did not allow treating intervening changes of law as extraordinary and compelling reasons for compassionate release.  <u>See id.</u> at 1061-62.

After the <u>en banc</u> decision in <u>McCall II</u>, Ugochukwu filed a reply, in which he primarily argued that <u>McCall II</u> was wrongly decided, repeatedly citing the <u>McCall II</u> dissent.  <u>See</u> (R. 1065: Reply to Response to Compassionate-Release Motion, PageID 8092-95).  He did briefly note that the Sentencing Commission's then-upcoming amendments to the Sentencing Guidelines took the contrary view

that intervening changes in sentencing law can constitute extraordinary and compelling reasons for compassionate release in certain circumstances, <u>see</u> U.S.S.G. § 1B1.13(b)(6), but did not engage with Section 1B1.13(b)(6)'s text or argue that <u>Havis</u> or <u>Jones</u> would qualify as extraordinary and compelling reasons for compassionate release in his case under the text of that policy statement.  <u>See</u> (R. 1065: Reply to Response to Compassionate-Release Motion, PageID 8094-95).

On January 24, 2024, the district court denied Ugochukwu's pending motions.  (R. 1072: Order Denying Compassionate Release, PageID 8118-19). In its written opinion, the court explicitly addressed only Ugochukwu's COVID-19 argument, which it rejected because Ugochukwu was "currently housed at FCI Victorville, a facility that currently ha[d] no positive cases within its entire inmate population."  (<u>Id.</u>, PageID 8119).  Because of that fact, the court viewed Ugochukwu's motion as presenting "only a speculative risk" that he would contract COVID-19.  (<u>Id.</u>).  The court did not address Ugochukwu's remaining potential bases for relief.

This Court vacated the order and remanded, instructing the district court to address Ugochukwu's remaining three arguments and the Section 3553(a) factors. <u>Ugochukwu</u>, 2024 WL 4298541, at *3.

**G.    The district court considered Ugochukwu's motion and supplement but found him ineligible for compassionate release. It further found that the Section 3553(a) factors weighed against sentencing modification.**

After this Court remanded, the district court issued an eight-page Memorandum of Opinion and Order denying sentencing modification. (R. 1131: Memorandum of Opinion, PageID 8292-99). It began by summarizing the procedural history of both the case and the pending motion. (Id., PageID 8292-93). Next, it summarized the standards applicable to compassionate-release motions under 18 U.S.C. § 3582(c)(1)(A). (Id., PageID 8293-94). It concluded that Ugochukwu had submitted his request to a warden and more than 30 days had passed, so he had satisfied the statutory exhaustion requirement. (Id., PageID 8293).

The court noted that Ugochukwu was ineligible for sentencing modification unless there were "extraordinary and compelling" circumstances. (Id., PageID 8293). It considered both this Court's ruling in McCall II, and the Sentencing Commission's 2023 Amendments to the policy statement concerning compassionate release. (Id., PageID 8294).

The district court rejected Ugochukwu's three eligibility arguments as "factually and legally incorrect." (Id.). First, it rejected Ugochukwu's argument that United States v. Havis, 927 F.3d 382 (6th Cir. 2019), affected his case. The court concluded that whether his conspiracy offense constituted a "controlled

12

substance offense" as defined in the Guidelines was irrelevant, because Ugochukwu was not sentenced as a career offender, and Havis was not retroactive. (Id., PageID 8295-96). Moreover, the Sentencing Commission later amended the Guidelines to clarify that inchoate offenses qualify as controlled substance offenses. (Id.). And even if those changes were considered, they would not have affected his offense level. The court also found—consistent with this Court's ruling in McCall II—that the Supreme Court's decision in Concepcion was inapplicable, because it dealt with a different provision of the First Step Act. (Id., PageID 8296).

Second, the district court rejected Ugochukwu's argument that his Guidelines range would be substantially lower today than it was when he was originally sentenced. (Id., PageID 8297). While the court agreed that the 2014 Sentencing Guideline Amendments would result in a 2-offense-level decrease, it found that he would still be considered a leader or organizer of the criminal activity. (Id.). Thus, it concluded that Ugochukwu had not established eligibility for sentencing modification under 18 U.S.C. § 3582(c)(1)(A).

Third, the court stated that even if Ugochukwu were eligible, it would not exercise its discretion to reduce his sentence, based on its evaluation of the Section 3553(a) factors. (Id., PageID 8297-99). The court rejected his suppression arguments based on Jones, because that case was not retroactive, and post-

13

sentencing legal developments are inapplicable.  (Id.).  The court considered

Ugochukwu's age, the seriousness of the offense, and the impact of a reduced

sentence on public safety, based on the arguments Ugochukwu made in his motion.

(Id.).

After summarizing the Section 3553(a) factors, the court thoroughly

analyzed them.  It found the nature of the offenses and the need for the sentence to

promote respect for the law—under 18 U.S.C. §§ 3553(a)(1) and (2)—to be most

relevant.  "Ugochukwu led an extensive drug trafficking conspiracy related to

heroin, where he facilitated the introduction of dangerously large amounts of

heroin to the Cleveland community via a smuggling operation based in Nigeria."

(Id., PageID 8298-99).  It concluded that the seriousness of his offenses and the

need to protect the public "weigh heavily against a sentence reduction."  (Id.,

PageID 8299)

The court did consider Ugochukwu's age, because it was relevant to his

personal history and characteristics.  (Id.).  It found that it did not outweigh the

other Section 3553(a) factors.  "At the time of sentencing, the Court considered the

applicable factors and determined that a 320-month sentence promoted respect for

the law, afforded adequate deterrence, and protected the public.  See 18 U.S.C.

§ 3553(a)(2). The Court finds the same today."  (Id.).

This timely appeal followed.

**H.    Ugochukwu has two additional sentencing-modification appeals pending in this Court.**

Ugochukwu has two additional sentencing-modification appeals before this Court, in Case Nos. 24-3869 and 24-3953.  These cases stem from the district court's denial of two additional 2024 sentencing-modification motions Ugochukwu filed under 18 U.S.C. § 3582(c)(2).  Both are based on Guideline Amendment 782.  The district court previously denied Ugochukwu's Rule 782 sentencing-modification motion in 2015.  (R. 877: Order Denying Sentence Reduction, PageID 7244-49).

The clerk's office recorded the first such motion as a request under Guideline Amendment 821, and the district court denied it.  (R. 1085: Motion, PageID 8152-54; R. 1112: Order, PageID 8225).  After the district court denied the motion, Ugochukwu filed another sentence-reduction motion, raising duplicative Amendment 782 arguments, which the court also denied.  (R. 1122: Motion, PageID 8265-69; R. 1123: Order, PageID 8272).  Both of those appeals were consolidated and are fully briefed.

## SUMMARY OF THE ARGUMENT

This Court should affirm the district court's denial of Ugochukwu's compassionate-release motion. The court properly determined that Ugochukwu was ineligible for sentencing modification under 18 U.S.C. § 3582(c)(1)(A) because he had not demonstrated any extraordinary and compelling reason for it.

The Sentencing Commission's recent amendment to U.S.S.G. § 1B1.13, attempting to establish eligibility for "unusually long" sentences, was beyond the scope of the Sentencing Commission's authority. This Court, sitting en banc, held in McCall II that nonretroactive changes in the law do not, as a matter of statutory construction, factor into the determination of whether there are extraordinary and compelling reasons to modify a sentence. Recently, this Court reaffirmed that holding in United States v. Bricker, holding that the Sentencing Commission had no authority to overrule this Court's interpretation of the statute, and therefore, U.S.S.G. § 1B1.13(b)(6) was invalid.

Even if Section 1B1.13(b)(6) had been valid, Ugochukwu would not have qualified for it, because the sentence likely to be imposed today would not be grossly disproportionate to the one that he received. While his offense level would be slightly lower, the district court indicated that it still would impose the same sentence today, based on the nature and circumstances of the offenses and the statutory sentencing factors. Ugochukwu's other eligibility arguments—based on

16

new Fourth Amendment rulings and the COVID-19 pandemic, fall short as well. Therefore, he has not shown that he was eligible for sentencing modification.

Even if he were eligible, he would not be entitled to it as of right. Instead, the district court would have discretion not to modify his sentence it if it reasonably found that the Section 3553(a) factors weighed against it. It so found. Ugochukwu's role as the leader of a large-scale, heroin trafficking and importation enterprise, support the district court's finding. The court reasonably concluded that the need to protect the public, afford adequate deterrence, and promote respect for the law, weigh against modifying Ugochukwu's sentence.

Therefore, this Court should affirm the district court's denial of the compassionate-release motion.

# ARGUMENT

## I.    This Court should affirm the denial of compassionate release.

### A. Standard of Review

This court reviews a district court's compassionate release decisions for abuse of discretion, which occurs when the district court commits a legal error, relies on clearly erroneous findings of fact, or engages in a substantively unreasonable balancing of the § 3553(a) factors.  United States v. West, 70 F.4th 341, 346 (6th Cir. 2023).  This Court reviews questions of statutory interpretation, including when assessing an agency's interpretation of a statute, de novo.  United States v. Stewart, 73 F.4th 423, 425 (6th Cir. 2023).

### B.    Standards Governing Sentencing Modification Motions

Once a district court pronounces sentence, it generally may not modify it, except under limited circumstances.  18 U.S.C. § 3582(b) & (c).  Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a sentence upon a finding of "extraordinary and compelling reasons" after also assessing the merits of a defendant's motion under Section 3553(a), and so long as that reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  Inmates bear the burden to establish that sentencing modification is warranted.  United States v. McClain, 691 F.3d 774, 777 (6th Cir. 2012) (holding that the defendant bears the burden to show entitlement to sentencing reduction under Section 3582(c)(2)).

Before filing a compassionate-release motion, a defendant must first request that the BOP file it on his or her behalf.  18 U.S.C. § 3582(c)(1)(A).  A court may grant a defendant's own motion to modify a sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Id.; see also United States v. Alam, 960 F.3d 831, 835-36 (6th Cir. 2020).  The district court found that Ugochukwu had complied with this requirement.

If an inmate has satisfied the exhaustion requirement, he still must show that there are extraordinary and compelling reasons establishing eligibility for reduction.  The reduction must also be consistent with applicable Sentencing Commission policy statements.  And the court must consider the applicable factors in 18 U.S.C. § 3553(a).  See 18 U.S.C. § 3582(c)(1)(A).

From the time that the First Step Act modified Section 3582, until November 2023, this Court held that there was no "applicable" Sentencing Commission policy statement.  United States v. Jones, 980 F.3d 1098, 1111 (6th Cir. 2020).  In November 2023, the Commission revised U.S.S.G. § 1B1.13 after regaining a quorum.  That policy statement attempted to broaden the definition of

extraordinary and compelling reasons beyond the plain statutory language.

Accordingly, the Sentencing Commission exceeded its authority.

### C.    The Sentencing Commission exceeded its authority in policy statement 1B1.13(b)(6).

Ugochukwu's appeal relies heavily on one subsection of a recently adopted

Sentencing Commission Policy Statement:  U.S.S.G. § 1B1.13(b)(6).  But the

Sentencing Commission exceeded its Congressionally-delegated authority in

promulgating Subsection (b)(6).  United States v. Bricker, __ F.4th __, No. 24-

3286, 2025 WL 1166016, at *1 (6th Cir. Apr. 22, 2025).  That provision is

"invalid."  Id.

Section 3582(c)(1)(A) provides an "except[ion]" to the overarching principle

of federal sentencing law that a "federal court generally 'may not modify a term of

imprisonment once it has been imposed.'"  Dillon, 560 U.S. at 819 (quoting 18

U.S.C. § 3582(c)).  Congress instructed that any reason sufficient to overcome that

general principle must be "extraordinary and compelling."  18 U.S.C.

§ 3582(c)(1)(A)(i).  No reasonable interpretation of that phrase's text, particularly

based on the statute's structure and purpose, can encompass nonretroactive or

intervening changes in law.

This Court has already held as much, determining that Section

3582(c)(1)(A)(i)'s clear meaning excludes intervening developments in sentencing

law from constituting "extraordinary and compelling" reasons for a sentence

reduction, whether considered alone or in connection with other factors and circumstances. See McCall II, 56 F.4th at 1050. "[N]onretroactive legal developments do not factor into the extraordinary and compelling analysis. Full stop." McCall II, 56 F.4th at 1066.

"[T]he Commission does not have the authority to amend the statute" or "to override the statute as [the court of appeals] has construed it." Neal v. United States, 516 U.S. 284, 290 (1996); see United States v. Koons, 850 F.3d 973, 979 (8th Cir. 2017) (Sentencing Commission cannot "overrule circuit precedent interpreting a statutory provision" (quoting United States v. Williams, 808 F.3d 253, 266 (4th Cir. 2015) (Traxler, C.J., dissenting))). Because this Court held that Section 3582(c)(1)(A) was clear and unambiguous, and it construed it, the Sentencing Commission cannot issue a policy statement reinterpreting the statute differently. This Court's determination in McCall II remains binding in this circuit. Bricker, 2025 WL 1166016, at *5-*7.

An intervening developing in sentencing law is neither an "extraordinary" nor a "compelling" reason for a sentence reduction under Section 3582(c)(1)(A)(i). Bricker, 2025 WL 1166016, at *9-*10. Consistent with the "'fundamental canon of statutory construction' that words generally should be 'interpreted as taking their ordinary, contemporary, common meaning . . . at the time Congress enacted the statute,'" Wisconsin Cent. Ltd. v. United States, 138 S. Ct. 2067, 2074 (2018),

21

the word "extraordinary" should be understood "to mean 'most unusual,' 'far from common,' and 'having little or no precedent,'" McCall II, 56 F.4th at 1055 (quoting Webster's Third New International Dictionary of the English Language 807 (1971)).  There is "nothing 'extraordinary' about new . . . caselaw, or a contention that the sentencing judge erred" in light of such case law, because such developments "are the ordinary business of the legal system."  United States v. King, 40 F.4th 594, 595 (7th Cir. 2022); see Gonzalez v. Crosby, 545 U.S. 524, 536 (2005) (observing that "[i]t is hardly extraordinary that subsequently, after petitioner's case was no longer pending, th[e Supreme] Court arrived at a different interpretation" of a federal statute).

An intervening development in sentencing law likewise cannot constitute a "compelling" reason for a sentence reduction.  When Congress enacted the Sentencing Reform Act of 1984, "[c]ompelling" meant (and still means) "forcing, impelling, driving."  McCall II, 56 F.4th at 1055 (quoting Webster's at 463).  Thus, for a reason to be "compelling" under Section 3582(c)(1)(A)(i), it must provide a "powerful and convincing" reason to disturb the finality of a federal sentence. United States v. Jenkins, 50 F.4th 1185, 1197 (D.C. Cir. 2022) (internal quotation marks omitted).

Accordingly, an intervening development in sentencing law cannot serve as an "extraordinary" or a "compelling" reason for a sentence reduction in isolation or

as adding to a package of such "reasons."  18 U.S.C. § 3582(c)(1)(A)(i).  Whether

considered alone or combined with other asserted factors, an intervening

development in sentencing law is an impermissible consideration for purposes of

determining whether an extraordinary and compelling reason exists.

"[T]he Sentencing Commission's policy guidance in U.S.S.G. § B1.13(b)(6)

is invalid."  Bricker, 2025 WL 1166016, at *17.  Thus, Ugochukwu's central

eligibility argument is meritless.

> **D.**    **No extraordinary and compelling reasons support compassionate release.**

Even if U.S.S.G. § 1B1.13(b)(6) had been valid, the district court still

properly denied Ugochukwu's motion for compassionate release.  He did not

establish eligibility under (b)(6) or any other provision.

Under the revised U.S.S.G. § 1B1.13(b), extraordinary and compelling

reasons exist where: (1) the defendant has certain severe medical conditions; (2) he

is over 65, his health is deteriorating, and he has severed a certain portion of his

sentence; (3) there is a significant family need; (4) he was victimized while in

custody; (5) a combination of those reasons or similar reasons; or (6) he has served

at least 10 years of an "unusually long sentence," and a change in the law results in

a gross disparity.  None of those are present here.

1.    <u>Ugochukwu has not shown a gross disparity between the
sentence he received and the one he would likely receive today.</u>

Even if U.S.S.G. 1B1.13(b)(6) were valid, it would not apply to

Ugochukwu.  It has several requirements, but not all are met here.  Consider the

full text:

> If a defendant received an unusually long sentence and
> has served at least 10 years of the term of imprisonment,
> a change in the law (other than an amendment to the
> Guidelines Manual that has not been made retroactive)
> may be considered in determining whether the defendant
> presents an extraordinary and compelling reason, but
> only where such change would produce a gross disparity
> between the sentence being served and the sentence
> likely to be imposed at the time the motion is filed, and
> after full consideration of the defendant's individualized
> circumstances.

Ugochukwu meets only some of these requirements.  He has served at least 10

years in prison.  And there have been some changes in the law.  Notably, Guideline

Amendment 782 lowered drug offenders' offense level by 2.

But that change would not produce a "gross disparity" between the current

sentence and the one likely to be imposed.  The Guidelines' policy statement does

not define what constitutes a "gross disparity."  When the Guidelines do not define

a term, this Court applies the text's plain meaning and considers dictionary

definitions.  <u>United States v. Hill</u>, 963 F.3d 528, 532 (6th Cir. 2020); <u>United States

v. Babcock</u>, 753 F.3d 587, 591 (6th Cir. 2014).  A "disparity" is "inequality or

dissimilarity in respect of age, amount, number, or quality."[2]  Put another way, it is a "difference in quantity or quality between two or more things."[3]  The word "gross" has many definitions, but the most appropriate one for purposes of its use as an adjective here is "conspicuously bad or wrong; appalling, egregious."[4]  Or, something is "gross" if it is "[c]onspicuous by reason of size."[5]  Considering all these definitions together, to prove a "gross disparity" between two sentences under U.S.S.G. § 1B1.13(b)(6), Ugochukwu must show a large or appalling difference between the sentence that he received and the one that he would receive if he were sentenced today.

He cannot show that.  His Guidelines range did not change significantly. When he was sentenced, he had a 292-to-365-month range.  (R. 685: Sentencing Trans., PageID 5438).  Today, the base offense level for trafficking 10 to 30 heroin kilograms would be 34, instead of 36.  U.S.S.G. § 2D1.1(c)(3) (2024).  The 4-level enhancement for his leadership role would be the same, placing him at a final offense level of 235 to 293 months in prison.  A two-offense-level difference is not a large or appalling difference.

---

[2] <u>Disparity</u>, Oxford English Dictionary (2d ed. 2004).

[3] <u>Disparity</u>, Black's Law Dictionary (12th ed. 2024).

[4] <u>Gross</u>, Oxford English Dictionary (2d ed. 2004).

[5] <u>Gross</u>, Black's Law Dictionary (12th ed. 2024).

Moreover, when it denied Ugochukwu's compassionate-release motion, the district court stated that it would impose the same 320-month sentence today, based on its review of the Section 3553(a) factors:

> At the time of sentencing, the Court considered the applicable factors and determined that a 320-month sentence promoted respect for the law, afforded adequate deterrence, and protected the public. See 18 U.S.C. § 3553(a)(2).  The Court finds the same today.

(R. 1131: Memorandum of Opinion, PageID 8299).  Because the district court believes that the same 320-month sentence is needed to satisfy the Section 3553(a) factors, Ugochukwu cannot demonstrate that there would be <u>any</u> disparity, much less a "gross" one.  So even if U.S.S.G. § 1B1.13(b)(6) were valid, it would not make Ugochukwu eligible for sentencing modification.

> 2.   <u>Subsequent Fourth Amendment caselaw is not an extraordinary and compelling reason to modify a sentence.</u>

Ugochukwu's reliance on the Supreme Court's decision in <u>United States v. Jones</u>, 565 U.S. 400 (2012), does not change the outcome for three reasons.  First, a defendant may not raise new suppression arguments in a compassionate-release motion.  Section 3582(c) and U.S.S.G. § 1B1.13(b)(6) did not change the rule that new rulings on criminal procedure do not apply retroactively.  <u>United States v. Hunter</u>, 12 F.4th 555, 565-66 (6th Cir. 2021).  As this Court noted in <u>Hunter</u>, numerous landmark procedural cases—including cases forbidding discriminatory use of peremptory strikes, or developments in Confrontation Clause

law—do not apply retroactively.  And in Section 3582(c), Congress "did not grant district courts the discretion to unilaterally alter the non-retroactivity of criminal procedure precedent."  Hunter, 12 F.4th at 566.  So the decision in Jones is inapplicable in this stage of the proceedings.

Second, Ugochukwu's argument is based on optimistic assumptions without record citations.  He assumes that using GPS devices tainted his entire case, and he would not have been convicted if they had been challenged.  Ugochukwu's brief does not describe what evidence was obtained from such devices or what derivative use was made of such evidence.  His undeveloped arguments and unsupported conclusions do not show an extraordinary and compelling justification to modify his sentence.

Third, the Supreme Court's decision in Jones would not have led to any suppressed any evidence in this case.  Jones was decided after the 2010 installation of the GPS device at issue here.  The pre-Jones cases in this circuit "clearly indicated that the warrantless use of electronic tracking devices was permissible."  United States v. Fisher, 745 F.3d 200, 204-05 (6th Cir. 2014).  Agents were permitted to rely in good faith on this Court's pre-Jones caselaw, so even if Ugochukwu had sought to suppress this evidence, he would have failed.  Fisher, 745 F.3d at 205-06.  Therefore, the Supreme Court's decision in Jones would not

27

have resulted in suppression or caused a gross disparity in his sentence.  In other words, it does not make him eligible for compassionate release.

 3. The COVID-19 Pandemic is not a basis for sentencing modification.

Ugochukwu's risk of contracting COVID-19 also did not constitute an extraordinary and compelling reason for compassionate release.  While he cited this in his original motion as a basis for eligibility, his brief here barely mentions it.  Under U.S.S.G. § 1B1.13(b)(1)(D), an unmitigated infectious disease outbreak at a prison that creates an increased risk of severe medical complications or death may constitute an extraordinary and compelling reason to modify a sentence.  But because COVID-19 vaccines are widely available in prison, being incarcerated no longer present an extraordinary and compelling reason warranting a sentence reduction for most inmates.  United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021).  Ugochukwu's generalized arguments about COVID-19 do not show that he is at a higher risk in prison than he would be if he were released.

Thus, none of Ugochukwu's arguments established his eligibility for sentencing modification under 18 U.S.C. § 3582(c)(1)(A).

**E. The district court reasonably concluded that the Section 3553(a) factors weighed against reducing Ugochukwu's sentence.**

Even if a defendant is eligible for a sentencing reduction, the district court may deny it if the Section 3553(a) factors weigh against it.  United States v.

Tomes, 990 F.3d 500, 504 (6th Cir. 2021).  District courts are not required to issue exhaustive opinions explaining their reasons for rejecting motions for reduced sentences.  See United States v. Navarro, 986 F.3d 668, 670-73 (6th Cir. 2021) (discussing Chavez-Meza v. United States, 585 U.S. 109 (2018)).  This Court held that "busy district courts do not abuse their discretion [deciding sentencing-modification motions] merely because they do not issue exhaustive opinions." United States v. Keefer, 832 F. App'x 359, 363-64 (6th Cir. 2020) (citing Chavez-Meza, 585 U.S. at 118-20).  Nor do district courts abuse their discretion "simply by failing to explicitly address each individual argument put forward by a defendant in support of a sentence reduction."  United States v. Rafidi, 842 F. App'x 1017, 1023 (6th Cir. 2021) (citing Chavez-Meza, 585 U.S. at 118-19).

At an initial sentencing, a district court must "state in open court the reasons for its imposition of a particular sentence," see 18 U.S.C. § 3553(c), while there is no similar statutory language in Section 3582(c).  See Chavez-Meza, 585 U.S. at 115 (discussing this and other differences and only "assuming[,] (purely for argument's sake)," that "district courts have equivalent duties when initially sentencing a defendant and when later modifying the sentence").

When analyzing a district court's denial of a sentence-reduction motion, this Court "consider[s] the entire record, including the [district] court's balancing of the [Section] 3553(a) factors at the original sentencing."  United States v. Ruffin, 978

29

F.3d 1000, 1008 (6th Cir. 2020).  This is particularly true when the same district judge who conducted the earlier sentencing or denied the earlier motion also considers the later sentence-reduction motion.  See, e.g., Chavez-Meza, 585 U.S. at 119; Keefer, 832 F. App'x at 364.

In addition to the opinion denying compassionate release, the record here contains other extensive Section 3553(a) analysis from the same district judge:  the sentencing transcript, the district court's sentencing opinion, and the court's written opinion denying an earlier sentence-reduction motion regarding Amendment 782.  (R. 685: Sentencing Trans., PageID 5442-79; R. 655: Sentencing Opinion, PageID 5068-76; R. 877: Order Denying Sentence Reduction, PageID 7244-49)  The court's earlier Section 3553(a) analyses consistently emphasized the serious nature of Ugochukwu's role as the leader of a 24-defendant heroin-trafficking conspiracy that had sold a staggering amount of heroin; the significant danger that Ugochukwu's heroin trafficking posed, and the widespread, debilitating effects that it caused to the community; and the need for a harsh sentence to deter Ugochukwu and others who might also want to make millions in the drug trade.  The court also noted its view that the Guidelines range in this case was based on a conservative estimate of the amount of heroin for which Ugochukwu was in fact responsible and thus did not fully capture the seriousness of Ugochukwu's criminal conduct.

The court's additional Section 3553(a) analysis in denying Ugochukwu's compassionate-release motion addressed these same considerations, along with Ugochukwu's new factual arguments.  (R. 1131: Memorandum of Opinion, PageID 8292-99).  The court specifically stated that "it has additionally considered the § 3553(a) factors to alternatively find they do not warrant his release."  (Id., PageID 8297).  It considered "all applicable" Section 3553(a) factors and determined that release was not warranted due to the case circumstances.  (Id., PageID 8298).  It found that nature of the offenses and the need to promote respect for the law, afford adequate deterrence, and protect the public "most relevant" here, and described its reasoning.  (Id., PageID 8298-99).

The district court was not required to write "a point-by-point rebuttal" of every argument Ugochukwu made.  United States v. Davis-Malone, 128 F.4th 829, 834 (6th Cir. 2025).  District courts may even enter a short form order, if there is no need for extensive analysis.  Id., citing Chavez-Meza, 585 U.S. at 119.  The district court went much further than required here.  Ultimately, a "district court does not abuse its discretion in denying a sentence reduction as long as 'the record as a whole satisfies [this Court] that [the district court] considered the parties' arguments and had a reasoned basis for exercising its own legal decisionmaking authority.'"  Ruffin, 978 F.3d at 1008 (quoting Chavez-Meza, 585 U.S. at 119 (cleaned up).

31

The district court's opinion showed that it considered the arguments Ugochukwu raised and had a reasoned basis for rejecting them.  It believed that the seriousness of Ugochukwu's conduct did not outweigh the other mitigating arguments that he made.  Accordingly, it reasonably exercised its considerable discretion.

## **CONCLUSION**

The district court properly determined that Ugochukwu was not eligible for compassionate release.  And it reasonably exercised its authority in finding that the Section 3553(a) factors did not warrant modifying his sentence, even if he had been eligible.  Therefore, this Court should affirm the district court's order denying compassionate release.

<div style="margin-left: 40%">

Respectfully submitted,

CAROL M. SKUTNIK
Acting United States Attorney

By:   /s/ Matthew B. Kall
        Matthew B. Kall
        Assistant U.S. Attorney
        801 West Superior Avenue, Suite 400
        Cleveland, OH  44113
        (216) 622-3915
        Matthew.B.Kall@usdoj.gov

Counsel for Plaintiff-Appellee

</div>

## <u>CERTIFICATION OF COMPLIANCE WITH WORD LIMITATION</u>

I hereby certify that the foregoing contains 6,684 words according to the word-counting feature of Microsoft Word for Office 365 and complies with this Court's 13,000-word limitation for briefs.

<u>/s/ Matthew B. Kall</u>
Matthew B. Kall
Assistant U.S. Attorney

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT
### DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

Under Sixth Circuit Rule 30(b), the government designates the following

district court filings as relevant to this appeal:

| DESCRIPTION OF ENTRY | RECORD ENTRY NO. | PAGE ID RANGE |
|---|---|---|
| Docket Sheet, Northern District of Ohio, Case No. | N/A | N/A |
| Indictment | 18 | 583-719 |
| Verdict | 488 | 3125-29 |
| Sentencing Opinion | 655 | 5068-76 |
| Sentencing Trans. | 685 | 5411-86 |
| Motion to Reduce Sentence | 824 | 6917-31 |
| Supplement to Motion to Reduce Sentence | 843 | 7058-62 |
| Response to Motion to Reduce Sentence | 847 | 7069-77 |
| Order Denying Sentence Reduction | 877 | 7244-49 |
| Motion for Compassionate Release | 1015 | 7911-25 |
| Motion to Hold Compassionate-Release Motion in Abeyance | 1024 | 7954-56 |
| Marginal Order | 1025 | 7958 |
| Supp. Motion to Reduce Sentence | 1032 | 7977-82 |
| Reply to Response to Compassionate-Release Motion | 1065 | 8092-95 |
| First Order Denying Compassionate Release | 1072 | 8118-19 |
| Motion to Reduce Sentence | 1085 | 8152-54 |
| Order Denying Motion to Reduce Sentence | 1112 | 8225 |
| Motion to Reduce Sentence | 1122 | 8265-69 |
| Order Denying Motion to Reduce Sentence | 1123 | 8272 |
| Memorandum Opinion and Order Denying Compassionate Release | 1131 | 8292-99 |
| Notice of Appeal | 1132 | 8300 |

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on this 30th day of April, 2025, a copy of the foregoing

Brief of Plaintiff-Appellee, was filed electronically.  Notice of this filing will be

sent to all parties through this Court's electronic filing system.  In addition, I

hereby certify that I caused a copy of this filing to be sent via regular U.S. Mail,

postage prepaid, to:

     Christopher Ugochukwu
     56106-060
     Lompoc I FCI
     3600 Guard Road
     Lompoc, CA   93436

                   /s/ Matthew B. Kall
                   Matthew B. Kall
                   Assistant United States Attorney